ANN M. ASIANO (SBN 094891)
JORDAN M. GREEN (SBN 247126)
BRADLEY, CURLEY, ASIANO,
BARRABEE, ABEL & KOWALSKI, P.C.
1100 Larkspur Landing Circle, Suite 200
Larkspur, CA 94939
Telephone: (415) 464-8888
Facsimile: (415) 464-8887
aasiano@professionals-law.com

Attorneys for Defendant,
JON ALEXANDER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL RIESE, an individual,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>COUNTY OF DEL NORTE; CRESCENT CITY; CRESCENT CITY POLICE DEPARTMENT; COUNTY OF DEL NORTE SHERIFF'S DEPARTMENT; JON ALEXANDER; BRIAN NEWMAN; RICHARD GRIFFIN; BOB BARBER; KEITH DOYLE; DOUG PLACK; DOES 1-10, inclusive,<br><br>　　　　Defendants. | No. CV 12 03723-RS<br><br>**Hon. Richard Seeborg**<br><br>**DEFENDANT JON ALEXANDER'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT JON ALEXANDER'S SPECIAL MOTION TO STRIKE**<br><br>Date: April 25, 2013<br>Time: 1:30 p.m.<br>Dept.: 3 |

I. **DA ALEXANDER'S STATEMENTS ARISE FROM PROTECTED ACTIVITY.**

Plaintiff is not contesting that Defendant Jon Alexander's ("DA Alexander") statements arise from protected activity, therefore, this Court should focus on whether Plaintiff can show a probability of prevailing on the merits.

II. **PLAINTIFF DOES NOT SHOW A PROBABILITY OF PREVAILING ON THE MERITS BECAUSE PLAINTIFF'S OPPOSITION IS SOLELY ARGUMENT THAT IS NOT SUPPORTED BY COMPETENT, ADMISSIBLE EVIDENCE.**

To meet his burden in opposing the motion, "a plaintiff cannot simply rely on its pleadings, even if verified, but must adduce competent, admissible evidence." (*Roberts v. Los*

- 1 -

DEFENDANT JON ALEXANDER'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT JON ALEXANDER'S SPECIAL MOTION TO STRIKE;
United States District Court Case No. CV 12 03723-RS

BRADLEY, CURLEY, ASIANO, BARRABEE, ABEL & KOWALSKI, P.C., 1100 Larkspur Landing Circle, Suite 200 Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

*Angeles County Bar Assn.* (2003) 105 Cal.App.4th 604, 614.)  In the present case, Plaintiff did not produce competent evidence to support his claims and he failed to lay a foundation for a majority of the "evidence" he disclosed as exhibits to his attorney's Declaration.  Thus, this Court should grant DA Alexander's Anti-SLAPP motion because Plaintiff did not adduce competent, admissible evidence to support a finding that he has a probability of prevailing on the merits.

      **A.**    **Malicious Prosecution Claim**

            1.    <u>Plaintiff Does Not Show With Competent, Admissible Evidence That DA Alexander Was Actively Involved In Causing Plaintiff To Be Prosecuted Or Causing The Continuation Of The Prosecution.</u>

To show that DA Alexander was actively involved in causing Plaintiff to be prosecuted, Plaintiff makes several claims that are not supported by competent, admissible evidence.  For example, Plaintiff does not provide any evidence to support the finding that DA Alexander was the first on scene, took witness interviews or obtained the video recording at Safeway immediately after the Crescent City Police were called for a welfare check because Plaintiff was acting irrationally.  To the contrary, Plaintiff provided a Crescent City Police report written by the investigating officers whom never mention that DA Alexander was present.  Similarly, Crescent City Police Officers, not DA Alexander, interviewed Plaintiff, his girlfriend and Safeway's cashier; there is no mention of any other law enforcement officer, such as DA Alexander, performing witness interviews at that time.  Lastly, according to the Crescent City Police report, District Attorney Investigator AC Fields picked up a copy of the surveillance video from Safeway, not DA Alexander.  Thus, Plaintiff provides no evidence to support his arguments and the exhibits he disclosed in his Opposition contradict his allegations.

Even if this court considered DA Alexander's alleged statements that he sent the initial police report back to Crescent City for a senior investigator to conduct a follow-up investigation of whether Plaintiff violated the law, this still does not show that DA Alexander was actively involved in causing Plaintiff to be prosecuted.  It solely shows that he saw an incomplete report and as a prosecutor, he sent it back to the police to conduct a more thorough investigation.  This is common practice in a District Attorney's Office (*See* Declaration of Jordan M. Green).

To support Plaintiff's contention that DA Alexander caused the continuation of the

BRADLEY, CURLEY, ASIANO, BARRABEE, ABEL & KOWALSKI, P.C., 1100 Larkspur Landing Circle, Suite 200 Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

- 2 -

DEFENDANT JON ALEXANDER'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT JON ALEXANDER'S SPECIAL MOTION TO STRIKE;
United States District Court Case No. CV 12 03723-RS

prosecution, Plaintiff includes a Declaration from his criminal attorney, Robert Cochran, stating that DA Alexander and Deputy Attorney General Newman ("DAG Newman") met on a weekly basis. However, this statement is inadmissible hearsay and no foundation has been laid to admit it pursuant to a hearsay exception. Even if DA Alexander met with DAG Newman once a week, it does not mean that DA Alexander caused the continued prosecution. DAG Newman could have been providing DA Alexander with an update of the case. Thus, Plaintiff provided no competent, admissible evidence to show that DA Alexander was *actively* involved in causing Plaintiff to be prosecuted or in *causing* the continuation of the prosecution.

>    2. Plaintiff Does Not Show With Competent, Admissible Evidence That No Reasonable Person In DA Alexander's Circumstances Would Have Believed That There Were Grounds For Causing Plaintiff To Be Prosecuted.

If the Court finds that DA Alexander was actively involved in causing Plaintiff to be prosecuted or in causing the continuation of his prosecution, the Crescent City Police Department report clearly indicates that any reasonable person, especially a trained prosecutor, would have believed there were grounds for causing Plaintiff to be prosecuted. Plaintiff was prosecuted for driving under the influence, which requires the prosecution to prove that Plaintiff drove a vehicle, and while he drove, he was under the influence of a drug and/or alcohol. Cal. Veh. Code § 21352(a). First, there is evidence that Plaintiff drove. Plaintiff's truck was in the parking lot, he placed his bread in his truck after shopping, and he stated that his keys were in the store. When questioned by police, Plaintiff said he walked to the store, but did not say why his truck was in the lot, why he put his groceries in it or who drove his truck there or who was going to drive it home. The reasonable inference is that Plaintiff drove his truck to Safeway and initially intended to drive it home.

Next, there is sufficient evidence in the report to indicate Plaintiff was under the influence of a controlled substance. He was confused and disoriented, he swayed back and forth, he could not slide his credit card through the card machine, and he could not operate a cellular phone. According to the report, the video surveillance showed that Plaintiff opened store merchandise, such as a toothbrush, while sitting on the floor of an aisle. Plaintiff's actions, corroborated by the admission that he took Vicodin, would lead a reasonable person to believe that

BRADLEY, CURLEY,
ASIANO, BARRABEE,
ABEL & KOWALSKI,
P.C., 1100 Larkspur
Landing Circle, Suite 200
Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

- 3 -

DEFENDANT JON ALEXANDER'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT JON ALEXANDER'S SPECIAL MOTION TO STRIKE;
United States District Court Case No. CV 12 03723-RS

he was under the influence of a controlled substance, Vicodin. It is irrelevant whether he had a valid prescription for the drug because it is illegal to drive under the influence of a drug.[1] Cal. Veh. Code § 21352(a). Thus, a reasonable person in DA Alexander's circumstance would have believed there were grounds for causing Plaintiff to be prosecuted.

Plaintiff claims that the police determined he was not under the influence of an illegal substance, that his conduct was the result of medication, and that witnesses corroborated the police officers' finding that Plaintiff was sober while at the store. <u>This is inaccurate</u>. Plaintiff does not produce any evidence indicating that he was sober. The police report does not state that Plaintiff was sober and Plaintiff produced no admissible witness statements stating that he was sober. To the contrary, the police report clearly indicates that Plaintiff was under the influence of a controlled substance while at Safeway.

   3. <u>Plaintiff Does Not Show With Competent, Admissible Evidence That DA Alexander Acted Primarily For A Purpose Other Than To Bring Plaintiff To Justice.</u>

Plaintiff claims that DA Alexander acted primarily for a purpose other than to bring Plaintiff to justice. Plaintiff alleges that DA Alexander had animosity towards Plaintiff and that he exposed Plaintiff's private medical condition on the pages of local newspapers. However, Plaintiff provides absolutely no evidence to support this allegation, not even copies of the newspapers. To the contrary, Plaintiff attached inadmissible hearsay e-mails allegedly written by DA Alexander, where DA Alexander shows frustration in the fact that Crescent City Police Officers did not treat Plaintiff "like any other citizen." Thus, the documents produced by Plaintiff show that DA Alexander wanted Plaintiff to be treated fairly and similarly to other citizens in the community.

To further support this allegation, Plaintiff produced an e-mail allegedly written by DA Alexander, where DA Alexander explains that he has received calls from newspapers regarding the prosecution of Plaintiff, but DA Alexander declined to comment. Plaintiff also provides an alleged e-mail, where DA Alexander exclaims "Incredibly, cops let him go again. guy's gonna kill someone. . . . it's gotta stop. probably gonna try and get the AG on it first to avoid all the

---

[1] The police report provided by Plaintiff does not mention whether any officer investigated whether Plaintiff had a valid prescription for the vicodin he ingested.

BRADLEY, CURLEY, ASIANO, BARRABEE, ABEL & KOWALSKI, P.C., 1100 Larkspur Landing Circle, Suite 200 Larkspur, CA  94939
TEL (415) 464-8888
FAX (415) 464-8887

- 4 -

DEFENDANT JON ALEXANDER'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT JON ALEXANDER'S SPECIAL MOTION TO STRIKE;
United States District Court Case No. CV 12 03723-RS

'vendetta' charges.'" These inadmissible documents do not show that DA Alexander had animosity towards Plaintiff or that he acted primarily for a purpose other than to bring Plaintiff to justice. To the contrary, they show that DA Alexander did not cooperate with the news media and feared that Plaintiff was going to kill someone by driving under the influence. Thus, there is no evidence to support Plaintiff's allegations and the documents produced by Plaintiff actually show that DA Alexander was concerned for the public's safety, which is part of his job duties as the County's elected District Attorney.

### 4. Plaintiff Does Not Show With Competent, Admissible Evidence That DA Alexander's Conduct Was A Substantial Factor In Causing Plaintiff's Harm.

Plaintiff claims that he was harmed by DA Alexander's conduct through the harming of his reputation in the community and the subsequent damage the prosecution caused his law practice and his ability to have a livelihood. However, any charges that resulted from the Safeway incident were a result of Plaintiff being under the influence of a controlled substance in public. Additionally, Plaintiff has the burden of proof, yet he provided no evidence that his law practice and ability to have a livelihood have been harmed by Alexander, not even a signed Declaration by Plaintiff Michael Riese declaring that he suffered these harms and these harms are a result of DA Alexander's actions.

### B. Government Code Section 821.6 Provides Immunity To DA Alexander.

Plaintiff argues that DA Alexander is not immune pursuant to Government Code section 821.6 because the prosecution of Plaintiff was for DA Alexander's benefit and own personal purpose, not for the benefit of his employer, the County of Del Norte. To support this outrageous claim, Plaintiff alleges that DA Alexander conspired with local law enforcement and DAG Newman to prosecute Plaintiff when there was no probable cause to support the prosecution. Yet, Plaintiff provided no admissible evidence showing that DA Alexander was part of any conspiracy or that he wanted Plaintiff prosecuted for his own personal purpose. To the contrary, the police report clearly indicates that Plaintiff was under the influence and the "evidence" shows that DA Alexander was concerned about the public's safety. As the head prosecutor, it was in DA Alexander's course and scope of his employment to investigate and prosecute crimes and to keep

BRADLEY, CURLEY, ASIANO, BARRABEE, ABEL & KOWALSKI, P.C., 1100 Larkspur Landing Circle, Suite 200 Larkspur, CA 94939 TEL (415) 464-8888 FAX (415) 464-8887

- 5 -

DEFENDANT JON ALEXANDER'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT JON ALEXANDER'S SPECIAL MOTION TO STRIKE;
United States District Court Case No. CV 12 03723-RS

the citizens of the County of Del Norte safe.  Thus, DA Alexander is afforded the immunity provided by Section 821.6 and Plaintiff cannot prevail on his claims as a matter of law.

    **C.**    **Intentional Infliction of Emotional Distress Claim**

        1.    <u>Plaintiff Does Not Show With Competent, Admissible Evidence That DA Alexander's Conduct Was Outrageous And/Or That DA Alexander's Conduct Was A Substantial Factor In Causing Plaintiff's Severe Emotional Distress.</u>

Plaintiff argues that DA Alexander's conduct was outrageous because he performed the following actions: 1) Ordered law enforcement to pull Plaintiff over when sober; 2) Ordered law enforcement to harass Plaintiff when out in public; and 3) Ordered law enforcement to search Plaintiff's home based on false claims.  However, Plaintiff provides absolutely <u>no evidence</u> to support these allegations.  He also claims that DA Alexander had Plaintiff's private medical condition exposed on the pages of local newspapers, but does not attach any evidence, not even the newspaper pages to support this claim.  Thus, Plaintiff cannot show a probability of prevailing on the merits because Plaintiff provides no evidence and none exists, to support his claim for Intentional Infliction of Emotional Distress.

        2.    <u>The Official Proceeding Privilege Bar's Plaintiff's IIED Cause Of Action</u>.

Plaintiff argues that *Hagberg v. California Federal Bank* (2004) 32 Cal.4th 350, 360 does not apply because *Fenelon v. Superior Court* (1990) 223 Cal.App.3d 1475 contradicts *Hagberg's* findings.  However, in *Hagberg*, the California Supreme Court granted review, superseding the decision of the Court of Appeal, and held that statements to the police were absolutely privileged, abrogating *Fenelon v. Superior Court*, 223 Cal.App.3d 1476, and disapproving *Miller v. Fano*, 134 Cal. 103, *Turner v. Mellon*, 41 Cal.2d 45, and *DuLac v. Perma Trans Products, Inc.*, 103 Cal.App.3d 937, 941.  (*Hagberg,* supra, Cal.4th 350.)

The California Supreme Court reasoned, "In its application to communications made in a 'judicial proceeding,' section 47(b) is not limited to statements made in a courtroom. Many cases have explained that section 47(b) encompasses not only testimony in court and statements made in pleadings, but also statements made prior to the filing of a lawsuit, whether in preparation for anticipated litigation or to investigate the feasibility of filing a lawsuit." (*Hagberg*, supra, 32

BRADLEY, CURLEY, ASIANO, BARRABEE, ABEL & KOWALSKI, P.C., 1100 Larkspur Landing Circle, Suite 200 Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

- 6 -

DEFENDANT JON ALEXANDER'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT JON ALEXANDER'S SPECIAL MOTION TO STRIKE;
United States District Court Case No. CV 12 03723-RS

Cal.4th 350 at 361. See *Rubin v. Green* (1993) 4 Cal.4th 1187, 1194-1195.) "The privilege applies to 'any publication required or permitted by law in the course of a judicial proceeding to achieve the objects of the litigation, even though the publication is made outside the courtroom [when] no function of the court or its officers is involved.'" (*Id*; citing *Silberg v. Anderson* (1990), 50 Cal.3d 205, 212; see also *PG&E v. Bear Stearns* (1990) 50 Cal.3d 1118, 1132-1133, 1137 [the privilege encompasses a private entity's statements that instigate another person or entity to undertake litigation].) The California Supreme Court has "noted the application of the privilege to communications with 'some relation to a proceeding that is . . . . under serious consideration;' to 'potential court actions;' and to 'preliminary conversations and interviews related to contemplated action,' and they also have determined that the privilege applies to communications made, prior to the filing of a complaint, by a person 'meeting and discussing' with potential parties the 'merits of the proposed . . . . lawsuit.'" (*Id.*; *Rubin*, supra, 4 Cal.4th at p. 1194-1195.) Thus, Plaintiff misstates the law and his entire argument fails.

     Any alleged statements made by DA Alexander relating to this claim were made in the course of potential criminal investigations and official proceedings. Whether his statements were made as a government official, elected District Attorney of Del Norte County, or a private citizen making anonymous tips, his statements enjoy the absolute privilege under Civil Code §47 because they were made in the course of potential criminal investigations and/or official proceedings. Plaintiff provided no evidence to the contrary. Plaintiff discusses Penal Code section 11172(a), which states that mandated reporters are liable for knowingly making a false report. However, this does not apply to the present situation; there is no evidence that DA Alexander made any knowingly false reports. While Plaintiff was found not guilty at trial, there is no evidence that he was found factually innocent. Further, the little "evidence" Plaintiff does provide in his Opposition shows that DA Alexander feared that Plaintiff would end up killing someone because of his intoxication. Thus, for the reasons stated above and in Defendant's moving papers, DA Alexander is immune from liability and Plaintiff cannot prevail on his Intentional Infliction of Emotional Distress claim as a matter of law.

///

BRADLEY, CURLEY,
ASIANO, BARRABEE,
ABEL & KOWALSKI,
P.C., 1100 Larkspur
Landing Circle, Suite 200
Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

- 7 -

DEFENDANT JON ALEXANDER'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT JON ALEXANDER'S SPECIAL MOTION TO STRIKE;
United States District Court Case No. CV 12 03723-RS

### III. DEFENDANT DA ALEXANDER IS ENTITLED TO AN AWARD OF FEES, COSTS AND ATTORNEYS' FEES.

The prevailing defendant on a motion to strike shall be entitled to recover his or her attorney fees and costs. (Code of Civil Procedure section 425.16(c).) Defendant DA Alexander is entitled to an order granting this motion. As such, he is similarly entitled to an award of fees and costs. As set forth in the Declaration of Ann Asiano, those fees and costs are $3,176.25, for the Reply Brief.

### IV. CONCLUSION

For the foregoing reasons and the reasons stated in Defendant DA Alexander's moving papers, DA Alexander respectfully requests this Court dismiss with prejudice DA Alexander from Plaintiff's seventh and eight causes of action.

Dated: April 4, 2013

BRADLEY, CURLEY, ASIANO,
BARRABEE, ABEL & KOWALSKI, P.C.

By:  /s/ Ann M. Asiano
ANN M. ASIANO
Attorneys for Defendant JON ALEXANDER

F:\DOCS\GH\8923\P\Anti-SLAPP Mtn\Reply Brief\Reply to Opp to Mot to Strike.wpd

BRADLEY, CURLEY,
ASIANO, BARRABEE,
ABEL & KOWALSKI,
P.C., 1100 Larkspur
Landing Circle, Suite 200
Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

- 8 -

DEFENDANT JON ALEXANDER'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT JON ALEXANDER'S SPECIAL MOTION TO STRIKE;
United States District Court Case No. CV 12 03723-RS