United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL RIESE,<br><br>   Plaintiff,<br><br>  v.<br><br>COUNTY OF DEL NORTE, et al.,<br><br>   Defendants. | Case No. 12-cv-03723-WHO<br><br>**ORDER GRANTING DEFENDANT ALEXANDER'S ANTI-SLAPP MOTION AND GRANTING IN PART AND DENYING IN PART DEFENDANT GRIFFIN'S ANTI-SLAPP MOTION**<br><br>Re: Dkt. Nos. 31, 33 |

## INTRODUCTION

Plaintiff Michael Riese alleges that defendants Jon Alexander and Richard Griffin engaged in a concerted effort to harass him and wrongfully target him for criminal investigation and prosecution. Alexander and Griffin have filed "anti-SLAPP" motions to strike the claims against them. This Order GRANTS Alexander's and Griffin's motions to strike the state law claims-- the Seventh Cause of Action (against Alexander) and the Eighth Cause of Action (against Alexander and Griffin)-- and DENIES Griffin's motion with respect to the First, Third, Fourth and Fifth Causes of Action alleged under 42 U.S.C. § 1983 (Section 1983). Alexander and Griffin are entitled to attorney's fees under California Code of Civil Procedure section 425.16(c).

## BACKGROUND

Riese is a former District Attorney ("DA") of Del Norte County. During the time that Riese was DA, he "fired Defendant Alexander from his position as Deputy District Attorney after determining that Alexander could no longer be employed as a Deputy DA while on probation." Compl. ¶ 22. According to Riese, his firing of Alexander "began a chain of events orchestrated by Alexander to discredit, humiliate and cause injury to [Riese]." *Id*. ¶ 22. In June 2010, Alexander

1    defeated Riese in an election and succeeded him as DA. *Id.* ¶ 23.

2    Riese alleges that on August 22, 2011, he fell asleep while at a Safeway "as a side effect
3    from some medication he had been prescribed for a medical condition." *Id.* ¶ 24. He asserts that
4    two police officers responded and after speaking with him, "concluded this was a medically
5    related incident and that Riese was not under the influence of any alcohol or narcotics." *Id*. Riese
6    alleges that Alexander was the first person on the scene to investigate the Safeway matter and that
7    Alexander "interviewed witnesses and obtained video recordings from the store." *Id.*
8    Riese alleges that following the Safeway incident, Alexander "decided to harass and wrongfully
9    prosecute Riese to further a personal vendetta Alexander carried." *Id*. According to Riese,
10   Alexander, along with other law enforcement officers, "agreed to have [Crescent City Police
11   Department] officers pull Riese over every chance they got to try and catch him intoxicated
12   because at the time they had no evidence to use against Riese at trial." He alleges that Alexander
13   conducted interviews of witnesses and pushed forward with the "bad faith prosecution" of Riese
14   even though witness statements were favorable to Riese. *Id*. Riese further asserts that Alexander
15   entered into a "secret agreement" with Riese's ex-wife whereby his ex-wife would provide
16   damaging testimony against Riese at the criminal trial in return for the Del Norte District
17   Attorney's Office not prosecuting her for violating a court order regarding visitation of the Rieses'
18   children. *Id*. ¶ 27.

19   In addition, according to Riese, in order to harass him, Alexander "pushed The Triplicate
20   Newspaper to report that Riese was under criminal investigation from having a medical
21   emergency at Safeway in Crescent City." *Id*. ¶ 25. "Following this article, Riese was stopped
22   more than 10 times by law enforcement and made to administer field sobriety tests. Riese was
23   also pulled out of restaurants and shops and made to administer field sobriety tests in the
24   respective parking lots." *Id*. Riese further alleges that Alexander "would tell people to call in and
25   report they had seen 'erratic driving' or 'erratic behavior' on Riese's part." *Id*. Riese contends
26   that "[t]his led to public ridicule because of Riese's former high-profile position as DA in the
27   County and his being a well-known personality in the community." *Id.*
28   In a separate incident, Riese alleges that Griffin, a Del Norte County Sheriff's Deputy,

2

submitted an affidavit of probable cause with false allegations to a magistrate in order to obtain a search warrant of Riese's home for materials connected with illegal narcotics activity. *Id*. ¶ 29. Riese alleges that the affidavit stated that it was "common knowledge" that Riese's girlfriend worked in a doctor's office and had access to prescription pads; information which Griffin could easily have discovered was false because Riese's girlfriend had not worked for the doctor for 10 years. *Id*. The search warrant was issued on December 21, 2011. According to Riese, Griffin and other Del Norte County Sheriff's Deputies, "all heavily armed, broke into Riese's home without first knocking and announcing themselves." ¶ 30. Riese alleges that the deputies spent five hours "focusing on Riese's firearms collection and in taking pictures of them." ¶ 30. Riese asserts that the "illegal search exceeded the scope of the warrant" and did not result in Riese's arrest or in criminal charges being filed against him. *Id*.

In February 2012, Riese was tried in Del Norte County Superior Court for DUI, Child Endangerment, and Public Intoxication arising from the Safeway incident. *Id*. ¶ 32. The jury found Riese not guilty on all counts. *Id*.

Alexander has moved to strike Riese's malicious prosecution and intentional infliction of emotional distress causes of action against him pursuant to the California anti-SLAPP statute. Griffin has moved to strike Riese's unreasonable search and seizure, fabrication of evidence, joint action/conspiracy to interfere with civil rights, supervisory liability for constitutional violations and intentional infliction of emotional distress cause of action against him pursuant to the California anti-SLAPP statute. The emotional distress claim is brought under California common law, while the rest of the claims against Griffin are brought pursuant to 42 U.S.C. §1983.

**LEGAL STANDARD**

California Code of Civil Procedure Section 425.16 is California's response to "strategic lawsuits against public participation," or SLAPP lawsuits. It was enacted "to provide a procedure for expeditiously resolving nonmeritorious litigation meant to chill the valid exercise of the constitutional rights of freedom of speech and petition in connection with a public issue." *Hansen v. California Dep't of Corr. & Rehab.*, 171 Cal. App. 4th 1537, 1542-43 (2008). It provides that a cause of action against a person "arising from any act of that person in furtherance of the person's

3

right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." Cal. Civ. Proc. Code § 425.16(b)(1). An "act in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue" includes

> (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law,
>
> (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law,
>
> (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest, or
>
> (4) any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest.

Cal. Civ. Proc. Code § 425.16(e).

"When served with a SLAPP suit, the defendant may immediately move to strike the complaint under Section 425.16." *Id.* at 1543. Such a motion to strike is known as an anti-SLAPP motion. To determine whether an anti-SLAPP motion should be granted, the trial court must engage in a two-step process. First, "the court decides whether the defendant has made a threshold showing that the challenged cause of action is one arising from protected activity, that is, by demonstrating that the facts underlying the plaintiff's complaint fits one of the categories spelled out in section 425.16, subdivision (e)." *Hecimovich v. Encinal Sch. Parent Teacher Org.*, 203 Cal. App. 4th 450, 465 (2012), *review denied* (Apr. 25, 2012). Second, if the court finds that such a showing has been made, it must determine whether the plaintiff has demonstrated a probability of prevailing on the claim. *Id.*

To demonstrate a probability of prevailing, the plaintiff "must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to

Case 3:12-cv-03723-WHO   Document 78   Filed 09/03/13   Page 5 of 13

sustain a favorable judgment if the evidence submitted by the plaintiff is credited." *Hansen*, 171 Cal. App. 4th at 1543. "The burden on the plaintiff is similar to the standard used in determining motions for nonsuit, directed verdict, or summary judgment." *Gilbert v. Sykes*, 147 Cal. App. 4th 13, 26, 53 Cal. Rptr. 3d 752, 763 (2007) (citations omitted). Plaintiff's showing must be made through competent and admissible evidence. "Thus, declarations that lack foundation or personal knowledge, or that are argumentative, speculative, impermissible opinion, hearsay, or conclusory are to be disregarded." *Id.* (citations omitted); *see also* Section 425.16(b)(2) ("In making its determination, the court shall consider the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based.").

"[T]he anti-SLAPP statute cannot be used to strike federal causes of action." *Hilton v. Hallmark Cards*, 599 F.3d 894, 901 (9th Cir. 2010). Accordingly, claims brought pursuant to Section 1983 cannot be struck under the anti-SLAPP statute. *Smith v. Kohlweiss, Inc.*, 11-cv-00239-SBA, 2012 WL 1156338 (N.D. Cal. Mar. 30, 2012) ("Defendants move to strike Plaintiffs' § 1983 claim under California's anti-SLAPP statute . . . . However, because a federal court can only entertain anti-SLAPP special motions to strike in connection with state law claims, Defendants' motion to strike is DENIED") (citing *Hilton*, 599 F.3d at 901).

## DISCUSSION

### A. Alexander's anti-SLAPP motion

Alexander moves to strike the Seventh and Eighth Causes of Action for malicious prosecution and intentional infliction of emotional distress claims against him, arguing that his alleged conduct is protected under the anti-SLAPP statute and that Riese cannot demonstrate a probability of prevailing on the claims because i) the claims are barred by Alexander's public official immunity under Government Code Section 821.6 and ii) Riese has not offered admissible evidence sufficient to support his claims.

Riese counters that "even if the Court finds Defendant Alexander's conduct as being 'protected activity', Plaintiff will be able to show a probability of prevailing on the merits and overcoming Defendant Alexander's claims of immunity." Dkt. No. 38 at 2. Riese does not put forward any arguments that Alexander's conduct is *not* protected by the anti-SLAPP statute.

Accordingly, the Court considers that issue conceded and proceeds to determine whether Riese has shown a probability of prevailing on his claims.

> 1. <u>Riese has not demonstrated a probability of prevailing on his malicious prosecution and emotional distress claims because Alexander is immune under Government Code Section 821.6</u>

As described below, Riese's malicious prosecution and emotional distress claims are barred by Government Code Section 821.6. Riese's malicious prosecution claim against Alexander is based on the following factual allegations:

- That Alexander "instituted a criminal prosecution against Riese without probable cause, for purposes other than that of bringing justice." Compl. ¶ 77.

- That Alexander charged Riese with four counts of DUI, Child Endangerment, and Public Intoxication. *Id*. ¶ 78

- That Alexander was "actively instrumental in prosecuting Riese." *Id*.

- That Alexander initiated criminal proceedings against Riese after securing a promise from Riese's ex-wife to testify against Riese at the criminal trial in exchange for not prosecuting the ex-wife for violating a court order regarding visitation of the couple's children. *Id*.

- That "in prosecuting RIESE knowingly without any evidence or probable cause," Riese causes "a perversion of proper legal procedures in which all legal procedures were ignored in order to try and harass an innocent man." *Id*. ¶ 79.

Riese's claim for intentional infliction of emotional distress does not state any additional factual allegations against Alexander. *See id*. ¶¶ 84-88.

A public employee acting within the scope of employment is immune from liability for an injury caused by the employee "instituting or prosecuting any judicial or administrative proceeding . . . even if he acts maliciously and without probable cause." Cal. Gov. Code § 821.6. "California courts construe section 821.6 broadly in furtherance of its purpose to protect public employees in the performance of their prosecutorial duties from the threat of harassment through civil suits." *Gillan v. City of San Marino*, 147 Cal. App. 4th 1033, 1047-48, 55 Cal. Rptr. 3d 158, 170 (2007). Accordingly, "[t]he immunity applies even if the officers abused their authority" and applies to any state law cause of action arising from protected conduct. *Id*. ("Immunity under

Government Code section 821.6 is not limited to claims for malicious prosecution, but also extends to other causes of action arising from conduct protected under the statute, including defamation and intentional infliction of emotional distress.").

An employee is acting in the course and scope of his employment "when he is engaged in work he was employed to perform, or when the act is incident to his duty and is performed for the benefit of his employer, not to serve his own purposes or convenience." *Richardson-Tunnell v. Sch. Ins. Program for Employees (SIPE)*, 157 Cal. App. 4th 1056, 1062, 69 Cal. Rptr. 3d 176, 181 (2007). Conduct is within the scope of employment even if the employee has an ulterior motive or carries out his duties maliciously or without probable cause. *Webb v. City & Cnty. of San Francisco*, C 11-00472 CRB, 2011 WL 6151518 (N.D. Cal. Dec. 12, 2011) (allegations that Defendants "filed false criminal charges within the judicial process in the name of the court with the wrongful ulterior motive" was "within their scope of employment as prosecutors, and Defendants are immune under Section 821.6"); *Vierria v. California Highway Patrol*, 09-cv-305 KJM, 2011 WL 2971170 (E.D. Cal. July 20, 2011) ("Even if Castle had some sort of ulterior motive, "[w]hether the investigatory duties were carried out negligently, maliciously, or without probable cause, they were within the scope of employment for purposes of section 821.6."); *Sanborn v. Chronicle Pub. Co.*, 18 Cal. 3d 406, 412, 556 P.2d 764 (1976) (defamatory statements within scope of Clerk of the City's employment, even if the statements also served to exculpate Clerk personally).

Riese argues that Government Code Section 821.6 does not immunize Alexander's conduct "because Defendant Alexander was acting outside the scope of his employment in instituting the criminal proceeding against Plaintiff." Dkt. No. 38 at 6. Riese asserts that "[w]hile Defendant Alexander as the District Attorney for Del Norte County may discuss proposed conduct with law enforcement and seek prosecution of individuals for alleged criminal activities, his position as DA does not allow for him to conspire against one individual for personal reasons." Dkt. No. 38 at 7. Riese also suggests that Alexander suppressed a portion of the video recording of the incident at Safeway that led to Riese's prosecution, rendering Alexander's conduct outside the scope of his employment such that Section 821.6 immunity does not apply. Compl. ¶ 32.

7

Riese has submitted various emails, declarations and police reports in support of his claims.[1] These submissions are insufficient to demonstrate a probability of overcoming Alexander's immunity and his conclusory allegations are disregarded. *See Gilbert v. Sykes*, 147 Cal. App. 4th at 26 (citations omitted) ("declarations that lack foundation or personal knowledge, or that are argumentative, speculative, impermissible opinion, hearsay, or conclusory are to be disregarded").

Competent evidence before the Court demonstrates that police were dispatched to Safeway for a "welfare" check on Riese who appeared "confused and disoriented" and admitted taking pain medications and not sleeping for several days. Dkt. No. 38-1. One officer noted that Riese "appeared to be extremely under the influence." Dkt. No. 38-1 at 12. Even assuming that there was animosity between Alexander and Riese or that Alexander had ulterior motives, Riese has not established that Alexander's alleged conduct in connection with the prosecution of Riese following this incident was not within Alexander's scope of employment as District Attorney. *See, e.g., Sanborn*, 18 Cal. 3d at 412; *Vierria*, 09-cv-0305 KJM, 2011 WL 2971170 (E.D. Cal. July 20, 2011). There is no competent evidence of any "secret agreement" between Alexander and Riese's ex-wife, nor evidence that such an agreement would be outside the scope of Alexander's

---

[1] On August 27, 2013, the day before the anti-SLAPP motions were to be heard, Riese submitted a "Supplemental Opposition" to the motions, purportedly containing "newly discovered" evidence. Dkt. No. 76; Dkt. No. 76-1 ("This evidence is submitted now because Plaintiff only first obtained it after the initial opposition papers were submitted"). This is not new evidence. It should have been submitted with Riese's oppositions and is not now properly before the Court. Exhibit A is a police report dated December 9, 2011, Exhibit B is a declaration from Riese's criminal trial dated February 4, 2012, Exhibit C is a decision from the State Bar of California dated April 4, 2013, Exhibit D is a declaration from Riese's current or former girlfriend dated July 25, 2013, and Exhibit E is a declaration from the doctor whose prescription pads Riese was arrested for illegally passing, also dated July 25, 2013. Dkt. Nos. 76-1—76-6. Riese provides no reason that he could not have obtained this material earlier and, indeed, the nature of the exhibits indicates an exceedingly strong likelihood that he did in fact have access to the material earlier: the declarations were either used in his own criminal trial or are provided by his acquaintances; the State Bar order has been publically available for over four months (and is wholly irrelevant); and the police report is close to two years old and, in any event, and contrary to the sworn declaration from Riese's counsel, Brian Claypool, *does not even relate to the Safeway incident at the heart of Riese's allegations against Alexander*. The Court cautions Mr. Claypool to ensure the accuracy of his submissions to the Court.

8

United States District Court
Northern District of California

employment.[2] Moreover, Section 821.6 expressly applies to conduct within the public employee's scope of employment, "even if he acts maliciously and without probable cause." Govt. Code § 821.6. Accordingly, Alexander is immune from his alleged conduct, notwithstanding the personal history between him and Riese. Alexander's motion to strike is granted.

### B. Griffin's anti-SLAPP motion

#### 1. The Section 1983 actions asserted against Griffin cannot be stricken under the anti-SLAPP statute.

Griffin moved to strike the First, Third, Fourth and Fifth Cause of Action under Section 1983, but did not separately brief how that could occur under California's anti-SLAPP statute. It cannot. *Hilton*, 599 F.3d at 901. Griffin's motion to strike is denied as to Riese's causes of action brought under Section 1983. *See Smith*, 11-cv-00239-SBA, 2012 WL 1156338 (N.D. Cal. Mar. 30, 2012) (denying anti-SLAPP motion to strike claim brought under Section 1983).

#### 2. Riese's intentional infliction of emotional distress claim is properly stricken.

Riese's Eighth Cause of Action for intentional infliction of emotional distress arises from Griffin submitting an affidavit to a magistrate to obtain a search warrant of Riese's home and car and the subsequent search. Riese alleges that Griffin "conducted [himself] in a manner that exceeded all bounds of what is tolerated in a civilized community when [he] intentionally abused [his] power in order to harass Plaintiff, pull him over with no probable cause, and conduct a search of his home that exceeded that scope of the search warrant and was done in bad faith to fabricate evidence against him." Compl. ¶ 86. Riese alleges that, as a result, he "was caused to suffer severe emotional distress, including, but not limited to anxiety, anguish, humiliation, and other injuries to his nervous systems." *Id.* ¶ 87.

Riese alleges that Griffin's affidavit falsely stated that it was "common knowledge" that

---

[2] Riese submitted a declaration from Robert Cochran, the attorney who represented Riese at his criminal trial. Dkt. No. 8-1. Cochran states that "evidence of this secret agreement emerged literally at trial when [Riese's ex-wife] was testifying for the prosecution." *Id.* ¶ 7. Cochran's unadorned declaration is insufficient to establish any 'secret agreement' involving Alexander, much less that such an agreement was outside the scope of Alexander's employment. For example, Cochran notably does not provide the supposed testimony evidencing this "secret agreement," does not describe Alexander's supposed role in the agreement, nor does it state what the ex-wife was supposed to do for her part in the agreement.

Riese's girlfriend worked in a doctor's office and had access to prescription pads. *Id.* ¶ 29. He argues that Griffin "fail[ed] to mention that it had been over 10 years that [his girlfriend] had worked in [the doctor's] office and instead misleads the magistrate into thinking [she] currently had access to the prescription pads Plaintiff had used." Dkt. No. 44 at 4. Riese concludes that because "[i]t is illegal to mislead a judge or falsify information on an affidavit . . . . Griffin's warrant was improperly obtained and as such does not fall under the protection of Section 425.16, consequently neither does the search of Plaintiff's home and vehicle." *Id*. at 5.

Riese mischaracterizes the affidavit. It does not imply that Riese's girlfriend "currently had access" to the prescription pads Riese used. The affidavit states that it is common knowledge "that Riese is currently in a relationship with [the doctor's] former wife" who "*currently works as a nurse in the Del Norte County* area and *was* working at [the doctor's office] *while they were together* and therefore *had* direct access to the prescription pads that Riese used in his attempt to illegally obtain controlled substances with a forged prescription." Dkt. No. 35-1 at 8-9 (emphasis added). The affidavit also states that the prescription pads "had not been used for several years." *Id*. at 7. The affidavit thus accurately states that Riese's girlfriend used to work for the doctor and previously—not currently—had access to the prescription pads. The affidavit also makes it clear that the prescription pads were several years old, further undermining Riese's argument that Griffin implied that Riese's girlfriend had current access to prescription pads. Moreover, the bulk of the affidavit is based on an arrest report Griffin received from a detective from Brookings, Oregon, who stated that he had arrested Riese for attempting to pass a forged prescription at a Brookings pharmacy. Dkt. No. 35-1 at 7 (Griffin Ex. A).

As the affidavit accurately describes that the prescription pad used by Riese had not been used by the doctor for several years and that Riese's girlfriend no longer worked at the doctor's office, and as the bulk of the affidavit describes Riese's arrest by a Brookings detective for attempting to pass a forged prescription, the Court does not agree that Griffin intended to, or in fact did, mislead the judge or provide false information on his affidavit. Accordingly, Griffin's alleged conduct is not illegal and Griffin is not precluded from striking the allegations against him under Section 425.16. *Hansen*, 171 Cal.App.4th at 1544 ("The search warrant affidavit

1    constituted a writing made before a judicial proceeding. Accordingly, those statements fall under

2    section 425.16, subdivision (e)(l).").

3          The question then is whether Riese can prevail on his claim. He contends that he can

4    because:

> There are numerous times throughout the video where Plaintiff is visibly exasperated and does not seem at ease. It was outrageous of Griffin to not allow Plaintiff inside during the search, while his house was turned upside down and it was outrageous for Plaintiff to be detained even before the search had begun. Furthermore, Griffin's threats and telling Plaintiff to "fuck off" can be deemed outrageous conduct in and of itself.

Dkt. No. 44 at 8.

      Riese has not met his burden of demonstrating a probability of prevailing on his emotional distress cause of action. First, Griffin's conduct in obtaining the search warrant and in conducting the subsequent search are part of his investigation and are thus covered by Section 821.6, even if Griffin acted maliciously or without probable cause. *Baughman v. State of California*, 38 Cal. App. 4th 182, 192, 45 Cal. Rptr. 2d 82, 89 (1995) ("Under Government Code section 821.6, the officers' actions during the investigation were cloaked with immunity, even if they had acted negligently, maliciously or without probable cause in carrying out their duties."). Since Griffin is immune from liability, Riese cannot prevail on his emotional distress claim and the claim is properly stricken under Section 425.16. *Harper v. Lugbauer*, 11-cv-01306 JW, 2012 WL 1029996 (N.D. Cal. Mar. 15, 2012) ("If a privilege or immunity bars a defendant from being liable for a statement, then that privilege or immunity also precludes a plaintiff from establishing that she has a reasonable probability of prevailing on the merits as to that statement for purposes of an anti-SLAPP motion."). Riese has submitted a declaration describing his various interactions with Griffin, including the execution of the search warrant and an alleged prior interaction at a Walmart where Griffin attempted to arrest Riese. Dkt. No. 44-1. To the extent that the declaration sets forth any admissible evidence, it does not establish that Griffin's conduct is not covered by Section 821.6. At most, the declaration suggests that Griffin was zealous in investigating Riese for criminal activity; not that he acted beyond the scope of his employment.

      Second, Riese has failed to submit sufficient competent and admissible evidence to meet

11

any of the prongs of his emotional distress claim,[3] much less to show a probability of prevailing. His assertions that he was exasperated during the search, that he was not allowed into the house, and that he was "detained" before the search do not support a finding that Griffin's conduct was "extreme and outrageous."  Moreover, a review of the video of the search refutes Riese's allegation that Griffin and other deputies, "all heavily armed, broke into Riese's home without first knocking and announcing themselves."  Compl. ¶ 30.  Notably, Riese does not identify when in the video Griffin supposedly threatened Riese or told him to "fuck off."

Riese's emotional distress cause of action is thus properly stricken pursuant to the anti-SLAPP statute.

C. **Attorney's Fees**

The award of attorney's fees to a prevailing defendant in an anti-SLAPP motion is mandatory. Cal. Civ. Proc. Code § 425.16(c)(1).  The declarations of Ann M. Asiano in support of Alexander's successful motion establish Alexander's fees of $6,256.25.  Dkt. No. 31-1 ¶ 4; Dkt. No. 39-1 ¶ 2.  The declarations of Clariza C. Garcia in support of Griffin's partially successful motion show that Griffin's total fees for the motion were $9,500.  Dkt. No. 36 ¶ 4; Dkt. No. 47 ¶ 2.  Riese did not comment on these amounts in his submissions to the Court.

The amount of time spent researching and preparing the motions, briefs and declarations is reasonable, as are the billing rates of both firms.  Accordingly, the Court awards Alexander $6256.25, payable by Riese within 45 days of this Order.  Griffin's motion was successful on the state law claims but not the federal claims, and the Garcia declarations do not break down the time spent on each claim.  In order to provide a basis for the award of fees to Griffin, Griffin's counsel is directed to submit a declaration within ten days of this Order attaching time records or other

---

[3] The elements of a prima facie case for intentional infliction of emotional distress are: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct.  Conduct to be outrageous must be so extreme as to exceed all bounds of that usually tolerated in a civilized community. *Wilson v. Hynek*, 207 Cal. App. 4th 999, 1009, 144 Cal. Rptr. 3d 4, 11-12 (2012)

evidence showing the breakdown of time spent researching and writing the state as opposed to the federal claims.

## CONCLUSION

For the reasons stated, Alexander's anti-SLAPP motion is GRANTED and Riese's Seventh and Eighth Causes of Action for malicious prosecution and intentional infliction of emotional distress against Alexander are ordered stricken from the Complaint. Alexander is awarded $6256.25 in fees, payable by Riese within 45 days of this Order.

Griffin's anti-SLAPP motion is GRANTED as to the Eighth Cause of Action for intentional infliction of emotional distress against him and is DENIED as to the First, Third, Fourth and Fifth Causes of Action against him for unreasonable search and seizure, fabrication of evidence, joint action/conspiracy to interfere with civil rights, and supervisory liability for constitutional violations pursuant to Section 1983. Griffin is directed to file a supplemental declaration within ten days from this Order showing the amount of time his lawyers spent in preparing the meritorious and unmeritorious aspects of his motion to strike.

**IT IS SO ORDERED**.

Dated: September 3, 2013



WILLIAM H. ORRICK
United States District Judge

13