UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL RIESE,

    Plaintiff,

    v.

COUNTY OF DEL NORTE, et al.,

    Defendants.

Case No. 12-cv-03723-WHO

**ORDER DENYING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

Re: Dkt. No. 62

## INTRODUCTION

Plaintiff Michael Riese has filed a Motion for Leave to File an Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a). In his proposed amended complaint, Riese seeks to add negligence and negligent supervision causes of action against Del Norte County. After considering the parties" briefs, the Court DENIES Riese"s motion to amend the complaint.

## BACKGROUND

### A.  Factual background

Riese is a former District Attorney of Del Norte County. During Riese"s tenure as District Attorney, he "fired Defendant [Jon] Alexander from his position as Deputy District Attorney after determining that Alexander could no longer be employed as a Deputy DA while on probation." Compl. [Dkt. No. 1] ¶ 22. According to Riese, his firing of Alexander "began a chain of events orchestrated by Alexander to discredit, humiliate and cause injury to" Riese. *Id*. In June 2010, Alexander defeated Riese in an election and succeeded him as District Attorney. *Id.* ¶ 23.

Riese alleges that on August 22, 2011, he fell asleep while at a Safeway "as a side effect from some medication he had been prescribed for a medical condition." *Id*. ¶ 24. He asserts that two police officers responded and, after speaking with him, "concluded this was a medically related incident and that Riese was not under the influence of any alcohol or narcotics." *Id*. Riese

alleges that Alexander was the first person on the scene to investigate the Safeway matter and that Alexander "interviewed witnesses and obtained video recordings from the store." *Id.*

Riese claims that following the Safeway incident, Alexander "decided to harass and wrongfully prosecute Riese to further a personal vendetta Alexander carried." *Id*. According to Riese, Alexander, along with other law enforcement officers, "agreed to have [Crescent City Police Department] officers pull Riese over every chance they got to try and catch him intoxicated because at the time they had no evidence to use against Riese at trial." *Id.* He alleges that Alexander conducted interviews of witnesses and pushed forward with the "bad faith prosecution" of Riese even though witness statements were favorable to Riese. *Id*.

In February 2012, Riese was tried in Del Norte County Superior Court for driving under the influence, child endangerment, and public intoxication arising from the Safeway incident. *Id*. ¶ 32. The jury found Riese not guilty on all counts. *Id*.

### B. Procedural background

Riese filed the instant action on July 16, 2012 and named numerous defendants, including Del Norte County. Riese"s original complaint asserted a cause of action under 42 U.S.C. § 1983 alleging, among other things, that Del Norte County poorly supervised its employees and "maintain[ed] an unconstitutional policy, custom, and practice of harassing and detaining individuals without probable cause or reasonable suspicion." *Id*. ¶ 67.

In April 2013, Riese and Del Norte County filed a Joint Case Management Conference Statement stating that Riese "may amend [the complaint] to include a negligence cause of action against Defendant County of Del Norte based on what he asserts is continued negligent conduct on its part since the filing of this civil action." Joint Case Management Conference Statement [Dkt. No. 40] at 5. The statement proposed no deadline for filing an amended complaint.

Riese now requests leave to amend in order to add negligence and negligent supervision causes of action against Del Norte County. Mot. for Leave to Amend [Dkt. No. 62] at 2. In his Motion for Leave, Riese claims that, per orders of the Del Norte County District Attorney"s office, investigators probing an April 2012 incident involving Riese "served unlawful subpoenas on several pharmacies for private medical records and subpoenas demanding Riese"s cellular phone

records." *Id.* at 5. Riese further alleges that Alexander and Del Norte County "were reckless in failing to provide Riese with [the] ‚statutory notice to consumer" that [was] required," and that the "unlawful subpoenas resulted in several [Health Insurance Portability and Accountability Act ("HIPPA")] and civil rights violations." *Id.*

Riese filed a claim form with Del Norte County on April 17, 2013 "[d]ue to the continued harassment and violations against [Riese] by Alexander and the District Attorney's office and the failure of . . . [Del Norte] County to supervise and prevent Alexander's actions." Notice of Errata to Exhibit B of Plaintiff's Mot. for Leave to Amend [Dkt. No. 68] ("Notice of Errata") at 14. Del Norte County rejected the claim on June 28, 2013. *Id.*

## LEGAL STANDARD

Per Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." In general, federal courts have adopted a liberal attitude toward pleading requirements. "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be ‚freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). Among these considerations, "prejudice to the opposing party carries the greatest weight." *Sonoma County Ass'n of Retired Employees v. Sonoma County*, 708 F.3d 1109, 1117 (9th Cir. 2013) (internal quotation marks omitted).

A motion for leave to amend may also be denied where a proposed cause of action "would have been futile in that it could be defeated on a motion for summary judgment." *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 766 (9th Cir. 1986). *See also California ex. rel. California Dept. of Toxic Substances Control v. Neville Chemical Co.*, 358 F.3d 661, 673 (9th Cir. 2004) ("The grant or denial of an opportunity to amend is within the discretion of the District Court, and denial of leave to amend is appropriate if the amendment would be futile. Futility includes the inevitability of a claim's defeat on summary judgment.") (internal quotation marks and citations omitted).

**DISCUSSION**

Riese argues that granting him leave to amend would not unduly prejudice the defendants, as "Defendants were aware in April 2013 that there was a possibility that Riese would seek to amend complaint if the negligent conduct continued unabated and there was evidence of the negligence." Mot. for Leave to Amend at 4. Riese also argues that Del Norte County will not be prejudiced because neither side has begun discovery. *Id.* at 5. In addition, Riese maintains that his request for leave to amend is not futile because new evidence of Del Norte County's negligence has emerged—namely, the incidents surrounding the unlawful subpoenas allegedly resulting in several HIPPA and civil rights violations. *Id.* at 6.

In response, Del Norte County asserts that Riese's Motion for Leave should be denied "on the single factor that amendment would be futile." Opp'n [Dkt. No. 79] at 2. Del Norte County argues that it is not the proper defendant for Riese's proposed new negligence and negligent supervision claims because "Alexander was not employed or supervised by" Del Norte County, but, instead, by the Attorney General. *Id.* at 2-3. Del Norte County claims that because it had no power to supervise Alexander, it cannot be held liable for Alexander's purported negligence. *Id.* at 3.[1]

Riese did not file a reply to Del Norte County's opposition.

As stated, while prejudice to the opposing party is the weightiest consideration among the *Foman* factors when deciding whether to grant leave to amend, *Sonoma County*, 708 F.3d at 1117, such motions may also be denied on futility grounds. *Gabrielson*, 785 F.2d at 766.

---

[1] Del Norte County also argues that even if Riese were able to establish that it was Alexander's employer or supervisor, it is immune from liability because a "public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or by a public employee or any other person." *Id.* (quoting Cal. Gov't Code Section 815). It also contends that Riese's motion should be denied because Riese's "declaration consists of hearsay statements regarding how and when the criminal investigation or prosecution were essentially conducted or driven by Defendant Alexander" and, thus, Riese provides no admissible evidence in support of his Motion for Leave. *Id.* at 4. Since district attorneys are state officers, as discussed in this Order and as the County argues, the Court need not address the County's alternative arguments to deny the motion to amend.

Riese's proposed new causes of action allege that Del Norte County should be held liable for the actions of Alexander, the District Attorney of Del Norte County at the time of the incidents in question. Mot. for Leave to Amend at 5-6. However, vicarious liability cannot attach to Del Norte County unless it is shown that Alexander was acting as a *county* official, not a state official, in the execution of his prosecutorial duties, including the investigation of Riese.

Riese's proposed causes of action against Del Norte County are futile because "under California law a county district attorney acts as a state official when deciding whether to prosecute an individual." *Weiner v. San Diego County*, 210 F.3d 1025, 1030 (9th Cir. 2000). "All relevant California cases . . . have held that district attorneys are state officers for the purpose of *investigating and proceeding with criminal prosecutions*." *Id.* (emphasis added).

Riese alleges that Del Norte County failed to supervise Alexander "and others within his authority," Notice of Errata at 34, during "the course of the investigation" of Riese. Mot. for Leave to Amend at 5. Additionally, Riese maintains that "[a]lthough a conflict existed due to Alexander's being a named defendant in Riese's July 2012 complaint, Alexander continued to be involved with the investigation" of Riese. *Id.* at 5-6.

Riese's attempt to hold Del Norte County liable for Alexander's actions focuses on Alexander's conduct during his investigation of Riese, and fits squarely within *Weiner*. As a result, any amendment seeking to hold Del Norte County vicariously liable for Alexander's actions would prove futile because District Attorneys act as state officers, and not county officers, in their investigation and prosecution of criminal cases. *Weiner*, 210 F.3d at 1030. Likewise, an amendment seeking to hold Del Norte County liable for the actions of those "within [Alexander's] authority" would also prove futile because members of the District Attorney's office also fall under *Weiner*'s ambit. *Pellerin v. Nev. Cnty.*, No. 12-cv-665-KJM-CKD, 2013 WL 1284341, *4 (E.D. Cal. Mar. 28, 2013) (applying *Weiner* to hold that "*members* of the District Attorney's office were state officials for purposes of prosecutorial decisions") (emphasis added).

**CONCLUSION**

For the reasons stated above, Riese's Motion for Leave To File Amended Complaint is DENIED.

**IT IS SO ORDERED**.

Dated: October 9, 2013



_____
WILLIAM H. ORRICK
United States District Judge