UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL RIESE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>COUNTY OF DEL NORTE, et al.,<br><br>　　　　Defendants. | Case No. 12-cv-03723-WHO　(WHO)<br><br>**ORDER GRANTING CLAYPOOL LAW FIRM'S MOTION TO WITHDRAW AS PLAINTIFF'S COUNSEL FOLLOWING MEDIATION**<br><br>Re: Dkt. No. 86 |

　　　Brian Claypool of The Claypool Law Firm has moved to withdraw as counsel for plaintiff Michael Riese. Dkt. No. 86. Mr. Claypool asserts that "the attorney-client relationship between me and Mr. Riese has completely broken down to the point where I am unable to fulfill my responsibilities to zealously and ethically represent him in this action." Dkt. No. 86 at 7 ¶ 2.

　　　At the hearing on the motion to withdraw, Mr. Riese expressed that he would like Mr. Claypool to represent him in upcoming mediation in an attempt to resolve this matter. Mr. Claypool stated that he would be willing to do so, if he can withdraw after the mediation, should the mediation prove unsuccessful in resolving this matter.

　　　The Court's Civil Local Rules authorize an attorney to withdraw as counsel of record only if: (1) written notice has been given reasonably in advance to the client and all other parties in the action; and (2) the attorney obtains leave of Court. Civ. L.R. 11–5(a). The withdrawing counsel must have "taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client." Cal. Rules Prof. Conduct 3-700(A)(2). Pursuant to California Rule of Professional Conduct 3-700(C), an attorney may request permission to withdraw where "conduct renders it unreasonably difficult for the member to carry out the employment effectively." Cal. Code of

1  Prof'l Conduct R. 700(C)(1)(d). Factors which courts consider in ruling on a motion to withdraw
2  include: 1) the reasons why withdrawal is sought; 2) the prejudice withdrawal may cause to other
3  litigants; 3) the harm withdrawal might cause to the administration of justice; and 4) the degree to
4  which withdrawal will delay the resolution of the case. *See, e.g., Canandaigua Wine Co., Inc. v.*
5  *Edwin Moldauer*, 2009 WL 89141 (E.D. Cal. Jan. 14, 2009) (citing cases).

6  In light of Mr. Claypool's declaration and the statements at the hearing by Mr. Riese and
7  Mr. Claypool, it became clear that a breakdown in communication between Mr. Riese and Mr.
8  Claypool would render it unreasonably difficult for Mr. Claypool to carry out his duties effectively
9  through trial. Given that discovery does not close until March 3, 2014, and trial is not scheduled
10 to commence until July 14, 2014, there is sufficient time for Mr. Riese to find new counsel who
11 will be able to participate in discovery and the preparation of the case for trial, and no prejudice
12 will be felt by the other litigants.

13 The Court previously ordered that a mediation occur within 90 days of the Case
14 Management Conference on August 28, 2013. During the hearing on November 13, 2013, the
15 Court learned that Mr. Claypool had proposed a mediator to the defendants but that no agreement
16 had been reached, and the mediation is still not scheduled. Mr. Riese indicated that he wanted to
17 proceed with the mediation with Mr. Claypool as his lawyer. Mr. Claypool agreed to continue his
18 representation in that limited role. This is an unusual situation where, despite the breakdown in
19 communications, both the lawyer and client believe that they can work together effectively on this
20 limited engagement, the lawyer understands the case, and a further delay in the mediation until
21 new counsel is chosen and fully prepared would almost inevitably delay the trial. If an acceptable
22 resolution does not occur at mediation, Mr. Riese's case will not be prejudiced in any way, and he
23 will have gained additional time to find new counsel. For all of those reasons, the Court ordered
24 that Mr. Claypool and The Claypool Law Firm may withdraw occur only after the upcoming
25 mediation. Until that time, Mr. Claypool remains counsel of record for Mr. Riese.

## CONCLUSION

27 Mr. Claypool and The Claypool Law Firm's motion to withdraw is GRANTED, subject to
28 Mr. Claypool representing Mr. Riese in the upcoming mediation, after which Mr. Claypool may

1  withdraw from this matter.

2  **The parties shall pick a mediator no later than November 20, 2013, and shall notify**
3  **the Court as soon as they have done so.  The parties shall schedule a mediation as soon as**
4  **practicable, to be completed no later than January 13, 2014.**

5  **The further Case Management Conference set for December 3, 2013 at 2:00 p.m. is**
6  **continued until January 14, 2014 at 2:00 pm.**

8  **IT IS SO ORDERED**.
9  Dated: November 14, 2013



WILLIAM H. ORRICK
United States District Judge