1   ERIC ALAN BERG (#121195)
    HOWARD L. CHURCHILL (#79872)
2   MORDECHAI PELTA (#253315)
    Eric Alan Berg & Associates
3   5000 Bechelli Lane, Suite 201
    Redding, CA 96002
4   (530) 223-5100/(530) 223-5200

5   Attorneys for Plaintiff

6

7

8
                        UNITED STATES DISTRICT COURT
9
                      NORTHERN DISTRICT OF CALIFORNIA
10

11  MICHAEL RIESE, an individual            )    NO.  CV-12-3723 WHO
                                            )    (Honorable William H. Orrick)
12                    Plaintiff,            )
                                            )    **PLAINTIFF MICHAEL RIESE'S**
13                                          )    **OPPOSITION TO MOTION FOR**
    -vs-                                    )    **SANCTIONS FOR FAILURE TO**
14                                          )    **PAY COURT-ORDERED**
                                            )    **ATTORNEYS'**
15  COUNTY OF DEL NORTE, et al.,            )    **FEES**
                                            )
16                    Defendants.           )    Date: 3-4-14
                                            )    Time: 2:00 p.m.
17                                          )    Dept: 2,17th Floor
                                            )
18  _____)    Complaint filed: 7-16-12

19

20          Plaintiff MICHAEL RIESE, by and through his attorneys ERIC ALAN BERG &

21  ASSOCIATES, submits the following arguments and points and authorities in opposition to the

22  Motion for Sanctions for Failure to Pay Court Ordered Attorneys' Fees filed herein by

23  Defendants JON ALEXANDER and RICHARD GRIFFIN.

24                          STATEMENT RE LATE FILING

25          Plaintiff's delay in presenting this Opposition was occasioned by the fact that Plaintiff's

26  new counsel did not substitute into the case until late December and was immediately faced with

27  an upcoming mediation.  Moreover, there was a delay in obtaining the file contents from prior

28
    Riese v. County of Del Norte, et al., #12-CV-3723–Plaintiff Michael Riese's Opposition to Motion for Sanctions, etc.

BERG AND ASSOCIATES
A LAW CORPORATION
5000 Bechelli Lane, Suite 201   Redding, CA 96002
Phone: 530.223.5100          Fax: 530.223.5200

1 | counsel, and the prior Motions for Sanctions, responses thereto, and the Court's ruling had to be

2 | reviewed and evaluated.

3 | *ARGUMENTS*

4 | I

5 | DEFENDANTS HAVE FAILED TO SHOW BAD FAITH ON THE PART OF PLAINTIFF

6 | Defendants argue that a district court can impose sanctions under its inherent power when

7 | a party has willfully disobeyed a court's order and opine that it is sufficient if a party acted

8 | deliberately.  They urge this Court to assess even further monetary sanctions against Plaintiff for

9 | his disobedience.

10 | Plaintiff disagrees.  A close examination of the cases cited by Defendants demonstrates

11 | that Defendants must show conduct more culpable, such as bad faith, vexatious, wanton or

12 | oppressive conduct, before they can assess him with further monetary sanctions.

13 | There are four authorities for the imposition of sanctions.  Federal Rules of Civil

14 | Procedure Rule 11 provides for fees as a sanction for the improper filing of papers on the theory

15 | that litigants who do so are wasting judicial resources.   Section 1927 of 28 U.S.C.  pertains to

16 | discovery proceedings and provides for sanctions against attorneys who unreasonable and

17 | vexatiously multiply judicial proceedings by their conduct.

18 | Finally, the Court has the inherent power to assess attorney's fees as a sanction when a

19 | party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.  See Chambers v.

20 | NASCO, Inc., 501 U.S. 32 where Plaintiff Chambers filed false and frivolous pleadings,

21 | attempted to deprive the court of jurisdiction by acts of fraud, and attempted by other tactics of

22 | delay, oppression, harassment, and massive expense "to reduce defendant to exhausted

23 | compliance".

24 | Although Defendants cited Chambers in support of their contention that mere willful

25 | disobedience of a court order can result in sanctions under the Court's inherent power, it is clear

26 | that Chambers' conduct went well beyond that.

27 | Likewise, other cases cited by Defendants reveal conduct that goes beyond mere

28 |

Riese v. County of Del Norte, et al., #12-CV-3723–Plaintiff Michael Riese's Opposition to Motion for Sanctions, etc.

1   disobedience of a court order.   Mai Sys. Corp.v. Walbert Enters., 1997 U.S. App. Lexis 13897

2   involved attorneys who were sanctioned for filing a frivolous claim and for failing to dismiss it

3   when ordered to do so.  The case of  Fink v. Gomez, 239 F.3d 989 (9th Cir. 2001) did involve

4   disobedience of an order; however, the Court justified sanctions there because an attorney openly

5   violated a protective order he himself had obtained and had insisted the other side comply with..

6        Defendants' complaints about Defendants' failure to pay do not rise to this level.  Nor do

7   any of the cases cited involve circumstances where, during ongoing litigation and before a party

8   has had the opportunity to present his case or defense, a party seeks to obtain further financial

9   penalties for failure to pay a court-ordered sanction.  These kinds of ongoing financial penalties

10  could potentially cripple a litigant from proceeding further, not to mention their chilling effect.

11  In effect, Defendants are seeking attorney's fees incurred in their enforcement or collection

12  efforts.

13                                            II

14             DEFENDANTS ARE NOT ENTITLED TO DISMISSAL OF THE ACTION

15        Incredibly, Defendants argue that, pursuant to F.R.C.P. 41(b),  this Court should issue an

16  order to show cause why the case should not be dismissed if Plaintiff has not paid sanctions by

17  the time of this hearing, thereby denying Plaintiff his day in court due to financial reasons.

18        Terminating sanctions are a drastic remedy and courts are rightfully reluctant to employ

19  41(b) sanctions for failure to comply with an order of the court.  Von Poppenheim v. Portland

20  Boxing & Wrestling Comm'n., 442 F.2d 1047, 1049, (9th Cir. 1971) .  The plaintiff in Von

21  Poppenheim was ordered by the Court on several occasions to prepare, file and serve a pretrial

22  conference statement apprising defendants of what evidence he would be presenting at trial.  He

23  failed to do so on several occasions despite the judge's order and despite being given months and

24  months to comply.  His several attempts at doing so were seriously lacking and after two years,

25  the court held that the defendants were entitled to know what Plaintiff intended and dismissed his

26  case.

27        Here, any "delay and contumacious conduct" on the part of Plaintiff, as alleged by

28

Riese v. County of Del Norte, et al., #12-CV-3723–Plaintiff Michael Riese's Opposition to Motion for Sanctions, etc.

-3-

1    Defendants, is entirely attributable to his prior counsel, as the Court and defense counsel well

2    know.  Plaintiff should not be subject to the threat of dismissal of his entire suit when his prior

3    counsel is largely responsible for the situation in which he finds himself..

4                                                    III

5                    PLAINTIFF'S FINANCIAL SITUATION SHOULD HAVE BEEN AND

6                       SHOULD NOW BE CONSIDERED IN ASSESSING FEES

7            Prior to rendering its decision on the amount of sanctions for the Defendants anti-SLAPP

8    motions, the court should have factored Plaintiff's ability to pay in determining an equitable fee

9    award.  Without such a consideration, the high fee award has a chilling effect on future civil

10   rights litigants.

11           In In Re Ruben, (1987) 825 F. 2d 977, 987, the 6th Circuit stated that "district judges are

12   encouraged to consider the question of indigency fully for the record" in assessing costs.  Other

13   decisions support this position:

14           Owen v. Georgia-Pacific Corp., 2005 U.S. Dist. LEXIS 35768 (D. Conn. Nov. 28, 2005)

15           (Denying defendant's motion for costs because plaintiff submitted credible evidence that

16   she was indigent and unable to pay.)

17           NOW v. Bank of California Nat'l. Assoc., 680 F.2d 1291, 1294 (9th Cir. Ca. 1982)

18           (Upholding district court's limitation of costs because plaintiffs had "limited budgets")

19           Mother & Father v. Cassidy, 33338 F.3d 704, 710 (7th Cir. 2003)

20           (Stating that a non-prevailing party may avoid coss under Rule 54(d by showing bad faith

21   on the part of the prevailing party or demonstrating indigency)

22           Singleton v. Smith, 241 F.3d 534, 539 (6th Cir. 2001)

23           ("another factor weighing in favor of denying costs is the indigency of the losing party".)

24           In Stanley v. University of Southern California, 178 F.3d 1069, 1079-890 (9th Cir.), cert.

25   denied, 120 S. Ct. 533 (1999), the court held that the district court abused its discretion in

26   denying a losing civil rights plaintiff's motion to re-tax costs without considering (1) the

27   plaintiff's limited financial resources; and (2) "the chilling effect of imposing such high costs on

28

Riese v. County of Del Norte, et al., #12-CV-3723–Plaintiff Michael Riese's Opposition to Motion for Sanctions, etc.

1   future civil rights litigants".

2          Here, the sanction already imposed by the Court was done so without considering the

3   ability of Plaintiff to pay.  Plaintiff is well aware his former attorney did not argue this issue nor

4   produce any evidence on this issue.   This Court pointedly acknowledged in the order imposing

5   sanctions errors on the part of said counsel.   Plaintiff should not be penalized for another error

6   and should have the opportunity to present evidence relative to his financial condition and ability

7   to pay.  He also should not be subjected to ongoing financial penalties which amount to

8   attorney's fees for Defendants' enforcement efforts.  This exposure is patently unfair and

9   burdensome; moreover, it could potentially affect Plaintiff's ability to continue pursuing this

10  claim.

11                                          IV

12          PLAINTIFF'S CLAIM IS MERITORIOUS AND NOT FRIVOLOUS; THUS,

13          HE SHOULD NOT HAVE BEEN SANCTIONED WHEN ONLY A PORTION

14                      OF HIS COMPLAINT WAS DISMISSED.

15          Since the only causes of action stricken were the State claims and the Federal claims

16  remain, the case cannot be deemed a frivolous suit.   The allegations that a corrupt governmental

17  official with unfettered discretion harmed Plaintiff and the abundance of detailed facts in support

18  of those allegations indicate merit.  For that reasons, the sanctions effect is chilling.

19           Plaintiff should not be penalized by the Court because of his attorney's decision to plead

20  the state claims which were ultimately dismissed.   The Court is using the fees as a sanction when

21  the only claims dismissed were State claims and not the Federal civil rights claims.  Thus, the

22  suit is not frivolous–the other counts remain and have yet to "prevail".

23          A mandatory fee award under the SLAPP statutes can be denied where the SLAPP

24  motion accomplishes nothing of practical consequence.  Morrow v. Los Angeles Unified School

25  Dist. (2007), 149 Cal. App. 4th 1424, 1446.  There, after striking the allegations involving

26  protected activity, the cross-complainant was still able to proceed with both of his

27  defamation/emotional distress claims.  It was held the lower court did not abuse its discretion by

28

Riese v. County of Del Norte, et al., #12-CV-3723–Plaintiff Michael Riese's Opposition to Motion for Sanctions, etc.

1    concluding "the ruling had produced nothing of consequence".

2                                            V

3          THE COURT MAY RELIEVE PLAINTIFF FROM THE SANCTION ORDER

4    PURSUANT TO SECTION 473(a)(b) OF THE CALIFORNIA CODE OF CIVIL PROCEDURE

5          "The court may, upon any terms as may be just, relieve a party or his or her legal
     representative from a judgment, dismissal, order, or other proceeding taken against him or her
6    through his or her mistake, inadvertence, surprise, or excusable neglect.  Application . . . shall be
     made within a reasonable time, in no case exceeding six months, after the judgment, dismissal,
7    order, or proceeding was taken. . ."

8          Portions of Plaintiff's complaint were dismissed and he was sanctioned pursuant to a

9    State law code section.  His counsel made only a half-hearted attempt to oppose the motion and

10   no attempt to address the imposition of fees.  The above section should therefore be considered

11   by this Court.  In arguing that Plaintiff is entitled to relief from the mistakes or excusable neglect

12   of his counsel, Plaintiff would submit the following:

13         1.  Plaintiff's former counsel did not employ zealous and effective advocacy in opposing

14   the anti-SLAPP motions.  A competent zealous advocate with Mr. Claypool's experience should

15   have known that filing the State causes of action left Plaintiff totally exposed to a meritorious

16   anti-SLAPP motion as the court discussed on page 5, lines 10-16 of its Order dated September 3,

17   2014.

18         2.  The attorney's fees awarded here were in response to claims that former counsel

19   should never have filed, especially given his experience in litigating such claims in federal court.

20         3.  Former counsel's conduct showed his antipathy for the client and affected his

21   judgment.  He effectively abandoned any legitimate opposition to the fees.  It would be an

22   injustice to hold this against the Plaintiff.

23         4.  Former counsel did not address the attorney's fee request included in the anti-SLAPP

24   motions whatsoever.  The Court even commented on that omission.

25         In addition, if given the opportunity to pursue this avenue, Plaintiff would be prepared to

26   show by declaration conduct by Mr. Claypool that is even more persuasive that he did not

27   adequately represent Plaintiff in response to the anti-SLAPP motions.

28

Riese v. County of Del Norte, et al., #12-CV-3723–Plaintiff Michael Riese's Opposition to Motion for Sanctions, etc.

1

## VI

2

## CONCLUSION

3        Because Defendants have failed to show any bad faith on the part of Plaintiff' their

4   requests for further monetary sanctions and for an OSC re terminating sanctions should be

5   denied.     Further, Plaintiff requests that, based on his prior attorney's failure to zealously and

6   competently defend him, he be granted the opportunity to challenge the court's underlying ruling

7   sanctioning him with an attorney's fees award.  This would include the opportunity to present

8   evidence as to his financial condition and ability to pay as well as any other arguments that could

9   have and should have been made by prior counsel.  Finally, Plaintiff suggests that this court

10  consider a reduction of the attorney's fees that have been awarded and that any final attorney's

11  fee award be suspended pending the outcome of this case.

12        DATED: February 21, 2014

13

14                                           Respectfully submitted,

15                                           /s/_____
                                             MORDECHAI PELTA
16                                           Attorney for Plaintiff

17

18

19

20

21

22

23

24

25

26

27

28

Riese v. County of Del Norte, et al., #12-CV-3723–Plaintiff Michael Riese's Opposition to Motion for Sanctions, etc.

-7-

STATE OF CALIFORNIA, COUNTY OF SHASTA

I am employed in the County of Shasta, State of California, and am over the age of eighteen years and not a party to the within action.  My business address is 5000 Bechelli Lane, Suite 201, Redding, California 96002.

On February _____, 2014, I served the foregoing document described as PLAINTIFF MICHAEL RIESE'S OPPOSITION TO MOTION FOR SANCTIONS FOR FAILURE TO PAY COURT-ORDERED ATTORNEYS' FEES on all interested parties, through their respective attorneys of record in this action, by placing a true copy thereof enclosed in a sealed envelope addressed as indicated to:

ROBERT W. HUNT
JEREMY B. PRICE
Hunt & Jeppson, L.L.P.
2200 Douglas Blvd., Suite 150B
Roseville, CA 95661

STEVEN C. WOLAN
CLARIZA C. GARCIA
Patton, Wolan, Carlise, L.L.P.
1999 Harrison Street, Suite 1350
Oakland, CA 94612-3582

ANN ASIANO
BRADLEY CURLEY
1100 Larkspur Landing Circle, #200
Larkspur, CA 94939

___X_ (BY MAIL) I caused such envelope(s) fully prepaid to be placed in the United States mail at Redding, California.  I am "readily familiar" with the firm's practice of collection and processing correspondence or mailing.  Under that practice, it would be deposed with the U.S. Postal Service on that same day with postage thereon fully prepaid at Redding, California in the ordinary course of business.  I am aware that on motion of the party served, services is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

_____ (BY PERSONAL SERVICE) I caused such envelope(s) to be delivered by hand to the office of the addressee(s).

__X__(BY FACSIMILE) I caused such documents to be telphonically transmitted to the offices of the addressee(s) as listed on the attached service list.

_____ (BY ELECTRONIC SERVICE [State]) Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses listed on the attached service list.

_____ (State) I declare under penalty of perjury that the above is true and correct.

__X__ (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Riese v. County of Del Norte, et al., #12-CV-3723–Plaintiff Michael Riese's Opposition to Motion for Sanctions, etc.

-8-

1

Executed on February _____2014, at Redding, California.

2

_____

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Riese v. County of Del Norte, et al., #12-CV-3723–Plaintiff Michael Riese's Opposition to Motion for Sanctions, etc.

-9-