1  Steven C. Wolan (State Bar No. 56237)
   Clariza C. Garcia (State Bar No. 189918)
2  PATTON♦WOLAN♦CARLISE, LLP
   1999 Harrison Street, Suite 1350
3  Oakland, CA  94612-3582
4  Telephone:  (510) 987-7500
   Facsimile:   (510) 987-7575
5  Email: swolan@pwc-law.com;
   cgarcia@pwc-law.com
6
7  Attorneys for Defendants
   COUNTY OF DEL NORTE and
8  DEPUTY RICHARD GRIFFIN

9  Ann M. Asiano (SBN 094891)
   Jordan M. Green (SBN 247126)
10 BRADLEY, CURLEY, ASIANO,
   BARRABEE, ABEL & KOWLSKI, P.C.
11 1100 Larkspur Landing Circle, Suite 200
12 Larkspur, CA  94939
   Telephone:  (415) 464-8888
13 Facsimile:   (415) 464-8887
   Email: aasiano@professionals-law.com;
14 jgreen@professionals-law.com

15 Attorneys for Defendants
16 JON ALEXANDER

17                 UNITED STATES DISTRICT COURT

18                 NORTHERN DISTRICT OF CALIFORNIA

19

| 20 | MICHAEL RIESE, an individual, | Case No.: CV 12-3723 WHO |
|---|---|---|
| 21 | Plaintiff, | **DEFENDANTS JON ALEXANDER AND DEPUTY RICHARD GRIFFIN'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR FURTHER SANCTIONS FOR FAILURE TO PAY COURT ORDERED ATTORNEY'S FEES AND COSTS** |
| 22 | vs. | |
| 23 | COUNTY OF DEL NORTE; CRESCENT CITY; CRESCENT CITY POLICE DEPARTMENT; COUNTY OF DEL NORTE SHERIFF'S DEPARTMENT; JON ALEXANDER; BRIAN NEWMAN; RICHARD GRIFFIN; BOB BARBER; KEITH DOYLE; DOUG PLACK, and DOES 1-10, inclusive, | |
| 24 | | |
| 25 | | |
| 26 | | DATE: March 5, 2014<br>TIME: 2:00 p.m. |
| 27 | | DEPT: 2, 17th Floor<br>Complaint Filed: July 16, 2012 |
| 28 | Defendants. | Trial Date: July 14, 2014 |

## I. INTRODUCTION

Plaintiff's Opposition is untimely. The Motion for Sanctions was filed on December 17, 2013. Therefore, Plaintiff's opposition was due on or before December 31, 2013; he did not file it until February 21, 2014. Furthermore, rather than oppose the Motion for Sanctions, Plaintiff improperly attempts to re-litigate the Court's award of attorneys' fees and costs. Plaintiff failed to comply with the Court's two orders to pay Anti-SLAPP fees to Defendant Jon Alexander for $6,256.25 and to Defendant Deputy Richard Griffin for $5,510.00. Plaintiff should be sanctioned for his failure to comply with the Court's orders.

## II. STATEMENT OF RELEVANT FACTS

On March 19, 2013, Defendant Jon Alexander filed his Anti-SLAPP motion and on April 1, 2013, Defendants Del Norte County and Deputy Richard Griffin filed their Anti-SLAPP motion. (Documents Numbers 31 and 33.) On April 19, 2013, Plaintiff filed his opposition to the motion. (Document Number 44.) On May 29, 2013, Plaintiff's prior counsel, Brian Claypool filed his Motion to Withdraw as Counsel. (Document Number 54.) The reason for his withdrawal was he advised his client to withdraw all five causes of action brought against Deputy Griffin but Plaintiff refused to follow his advice. (Document Number 54, pages 3-4.) Mr. Claypool stated that based on the evidence provided in Griffin's motion, he felt that Plaintiff would lose the Anti-SLAPP motion and be required to pay Deputy Griffin's attorneys' fees. On August 6, 2013, Mr. Claypool withdrew his motion to withdraw as Plaintiff's counsel and on August 27, 2013, Mr. Claypool filed a supplemental opposition to Deputy Griffin's Anti-SLAPP motion. (Documents Numbers 67 and 76.) On September 3, 2013, the Court granted Deputy Griffin's Anti-SLAPP motion as to Plaintiff's Intentional Interference with Emotion Distress cause of action and granted Jon Alexander's Anti-SLAPP motion in its entirety. On September 20, 2013, the Court awarded Deputy Griffin $5,510 in attorneys' fees and costs and awarded Jon Alexander $6,256.25 in attorneys' fees and costs, all to be paid in 45 days. On October 4, 2013, Mr. Claypool renewed his motion to withdraw as counsel and on October 29, 2013, the Court ordered Plaintiff to file a statement regarding how he intended to proceed if Mr. Claypool withdrew. (Documents Numbers 86 and 90.) Plaintiff did not file the ordered statement with the Court.

At a hearing on November 13, 2013, the Court granted Attorney Brian Claypool's Motion to

Withdraw as Counsel for Plaintiff Michael Riese on the condition that he remained as counsel through the mediation of the matter. (Document Number 94.) Mr. Mordechai Pelta, Plaintiff's present counsel, attended that hearing as a spectator. (Declaration of Clariza C. Garcia in Support of Defendants' Reply to Motion for Sanctions, ("Garcia Reply Decl."), ¶ 2.) At the hearing, Plaintiff and Mr. Pelta represented to the Court that Mr. Pelta was assisting Plaintiff in obtaining new counsel. (Garcia Reply Decl. ¶ 2.) Neither Mr. Pelta, Plaintiff nor Mr. Claypool informed the Court that Mr. Pelta was one of Plaintiff's attorneys and was working at Mr. Claypool's law firm. (Garcia Reply Decl. ¶ 2.)

On December 17, 2013, Defendants Jon Alexander and Deputy Richard Griffin filed their joint Motion for Sanctions for Failure to Pay Court Ordered Attorneys' Fees. (Document Number 96.) Plaintiff did not file his opposition, which was due 14 days later on December 31, 2013. On December 26, 2013, Plaintiff signed the substitution of attorney replacing Mr. Claypool with Mr. Pelta and the law firm of Berg and Associates, where Mr. Pelta represents he is an associate.[1] (Document Number 101.) On January 7, 2014, the Court approved the substitution of attorney. Document Number 103.)

On February 6, 2014, Mr. Pelta informed Clariza C. Garcia, counsel for Defendants Del Norte County and Deputy Richard Griffin that he was "one of Plaintiff's attorneys as I have been since 2011." (Garcia Reply Decl. ¶ 3, Exhibit A.) In fact, Mr. Pelta, as a sole practitioner, represented Plaintiff in the Government Tort Claim filed on June 1, 2012, which preceded Mr. Claypool's representation. (Garcia Reply Decl. ¶ 4, Exhibit B.)

On February 21, 2014, over six weeks after Berg and Associates took over the case, Mr. Pelta filed Plaintiff's opposition to the Motion for Sanctions. (Document Number 108.)

### III. ARGUMENT

#### A. The Court Is Not Required to Find Bad Faith Before Imposing Sanctions for Plaintiff's Willful Disobedience of Its Order.

Plaintiff argues but provides no authority for his assertion that Defendants had to show "bad

---

[1] According to the California Bar, Mr. Pelta is practicing in San Francisco and he does not appear on the Berg and Associates firm's website as an attorney with the firm.

faith" in order for the Court to impose sanctions under its inherent powers. The Court is not required to make a finding of bad faith before assessing sanctions. It can impose sanctions solely for a party's failure to comply with an order. See *Chambers .v NASCO, Inc.,* 501 U.S. 32, 45.

Plaintiff misrepresents the holding in *Chambers .v NASCO, Inc.,* 501 U.S. 32. In *Chambers*, the Court examined "three categories" or circumstances in which the Court may use its inherent power to impose sanctions. "First, award attorney's fees to a party whose litigation efforts directly benefit others. Second, a court may assess attorney's fees as a sanction for the willful disobedience of a court order." *Id.* at 45. "Third, a court may assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id.* at 45-46. Plaintiff conflates categories two and three and erroneously argues that the Court must find bad faith to impose sanctions for willful disobedience of its order. Plaintiff does not deny that he disobeyed the Court's orders to pay the Anti-SLAPP fees. This willful disobedience alone is sufficient for the Court to exercise its inherent powers to impose sanctions.

**B. Defendants Have Not Requested Dismissal of Plaintiff's Action at This Time.**

Defendants are not requesting dismissal of Plaintiff's action at this time, but only offered it to the Court as an alternative should Plaintiff continue to disobey its orders to pay the Anti-SLAPP fees. Under the circumstances of this case, Plaintiff should not be allowed to continue to pursue his claims and litigate this case without first paying the attorneys' fees.

**C. Plaintiff's Ability to Pay the Attorneys' Fees Is Not A Factor When Awarding Attorney's Fees Pursuant to Section 425.16.**

The award of attorneys' fees and costs to the prevailing defendant who filed an Anti-SLAPP motion is mandatory. California Code of Civil Procedure Section 425.16 provides in relevant part, "a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs." CCP Section 425.16(c). The award of attorneys' and costs to the prevailing party is mandatory. *Ketchum v. Moses* (2001) 24 Cal. 4th 1122, 1131. Section 425.16 is applicable in federal cases. *United States v. Lockheed Missiles & Space Co.,* 190 F.3d 963, 971 (9th Cir. 1999).

In his opposition, Plaintiff argues that his ability to pay should have been considered in determining whether or not to award the attorneys' fees and costs. Plaintiff provides no authority to

support his argument. The cases cited by Plaintiff are not applicable. Each of the cases cited by Plaintiff in his opposition were regarding attorneys' fees and costs awarded to the prevailing party in an action pursuant to Federal Rules of Civil Procedure, Rule 54, not Section 425.16.

Plaintiff also argues that his claimed indigency should have been considered in assessing the Anti-SLAPP fees. First, the time to oppose imposition of the attorneys' fees and costs was when he opposed the Anti-SLAPP motion. Plaintiff filed two separate oppositions and did not argue against imposition of fees or that he was indigent and could not pay them. Second, even if he could argue the matter now (which Defendants assert that he cannot) Plaintiff provides no authority to support his claim that his indigency should have been considered. Third, this is the first time that Plaintiff has claimed indigency. Fourth, his opposition provides no evidence of his claimed indigency such as a declaration or documentary evidence showing his assertions.

### D. The Court's Award of Attorneys' Fees Was Limited to The Attorneys Fees Incurred in Obtaining the Dismissal of Plaintiff's Unmeritorious Causes of Action.

Consistent with the requirements of Section 425.16, the Court awarded Defendants only those attorneys' fees and costs incurred by Defendants Jon Alexander and Deputy Richard Griffin to obtain dismissals of the state claims against them. Indeed, Deputy Richard Griffin's original attorneys' fee request was reduced and limited to those incurred to obtain the dismissal of the Intentional Infliction of Emotional Distress cause of action against him.

Elimination of a single cause of action is a sufficient basis for a Court to determine the Defendant to be a prevailing party for purposes of awarding attorneys' fees under Section 425.16. "We thus hold that a party who partially prevails on an anti-SLAPP motion must generally be considered a prevailing party unless the results of the motion were so insignificant that the party did not achieve any practical benefit from bringing the motion. The determination whether a party prevailed on an anti- SLAPP motion lies within the broad discretion of a trial court. Applying these principles, we conclude the trial court did not abuse its discretion in determining defendants were prevailing parties in the underlying litigation. Defendants successfully eliminated the trade libel cause of action." *Mann v. Quality Old Time Service, Inc.* (2006) 139 Cal. App. 4th 328, 340. [One of 14 causes of action were dismissed pursuant to Section 425.16.] Here Defendant Deputy Richard Griffin

eliminated one out of the five causes of action against him and Defendant Jon Alexander eliminated two out of five causes of action against him.

### E. Plaintiff's Request for Relief Pursuant to California Code of Civil Procedure Section 473 Is Improper.

In his Opposition, Plaintiff seeks relief from the award of Anti-SLAPP attorney's fees. Not only is the briefing of the Motion for Sanctions the wrong forum to do so, Plaintiff also improperly relies on a California state statute. To obtain relief from the award of attorneys' fees in this federal case, Plaintiff should have filed a motion under Federal Rules of Civil Procedure, Rule 60, not California Rules of Civil Procedure, Section 473. Furthermore, such a request for relief must be made by a separate motion, not as an argument in his opposition to a Motion for Sanctions. FRCP Rule 60(a).

Nevertheless, a motion under Rule 60 should be denied because Rule 60 "is not intended to remedy the effects of a litigation decision that a party later comes to regret through subsequently-gained knowledge that corrects the erroneous legal advice of counsel." *Latshaw v. Trainer Wortham & Company, Inc.*, 452 F.3d 1097, 1101 (9th Cir. 2006). As stated in Mr. Claypool's Motion to Withdraw as Counsel, he advised Plaintiff to drop all five causes of action against Defendant Deputy Griffin. Plaintiff refused to do so.

## IV. CONCLUSION

Plaintiff failed to comply with the Court's two orders to pay Anti-SLAPP attorneys' fees to Defendant Jon Alexander for $6,256.25 and to Defendant Deputy Richard Griffin for $5,510.00. Plaintiff provides no authority that excused him from complying with Court's orders. The Court in its inherent power may award sanctions against Plaintiff and in favor of Defendants' for Plaintiff's failure

///
///
///
///
///
///

1 | to comply with its orders.

3 | Dated: February 27, 2014                    PATTON ♦ WOLAN ♦ CARLISE, LLP

By: /s/ Clariza C. Garcia
STEVEN C. WOLAN
ANDREA S. CARLISE
CLARIZA C. GARCIA
Attorneys for Defendant
COUNTY OF DEL NORTE and
DEPUTY RICHARD GRIFFIN

Dated: February 27, 2014                    BRADLEY, CURLEY, ASIANO,
                                            BARRABEE, ABEL & KOWALSKI, P.C.

By: /s/ Jordan Green
ANN M. ASIANO
JORDAN GREEN
Attorneys for Defendant
JON ALEXANDER

## PROOF OF SERVICE

1  I, Michele L. Stater, declare:

2  I am employed in the County of Alameda, California. I am over the age of 18 years and
3  not a party to the within-entitled cause; my business address is the law firm of PATTON ♦
4  WOLAN ♦ CARLISE LLP, located at 1999 Harrison Street, Suite 1350, Oakland, California
5  94612. On February 27, 2014, I caused to be served on the following parties:

**DEFENDANTS JON ALEXANDER AND DEPUTY RICHARD GRIFFIN'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR FURTHER SANCTIONS FOR FAILURE TO PAY COURT ORDERED ATTORNEY'S FEES AND COSTS**

____  **(by mail)** on all parties in said action, in accordance with C.C.P.§1013, by placing a true copy thereof enclosed in a sealed envelope in a designated area for outgoing mail, addressed as set forth below. At PATTON ♦ WOLAN ♦ CARLISE LLP, mail placed in that designated area is given the correct amount of postage and is deposited that same day, in the ordinary course of business, in a United States mailbox in the City of Oakland, California.

_XX_  **(by overnight delivery)** I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the person(s) at the address(es) below. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

____  **(by personal delivery)** by causing to be personally delivered (via a messenger service) a true copy thereof to the person and at the address set forth below.

____  **(by facsimile transmission)** by transmitting said document(s) from our office facsimile machine (510) 987-7575, to the facsimile machine number(s) shown below. Following transmission, I received a "Transmission Report" from our fax machine indicating that the transmission had been transmitted without error.

<u>Attorney for Plaintiff Michael Riese:</u>

Eric Alan Berg
Howard Churchill
Mordechai Pelta
BERG & ASSOCIATES
5000 Bechelli Lane, Suite 201
Redding, CA  96002
Tel:  650-223-5100
Fax:  650-223-5200
Email: <u>eric@bergslaw.com</u>
Email: <u>info@bergslaw.com</u>
Email: <u>hchurchill@bergslaw.com</u>
Email: <u>mpelta@bergslaw.com</u>

**PROOF OF SERVICE**

I declare under penalty of perjury that the foregoing is true and correct under the laws of the United States of America and that this Declaration was executed on February 27, 2014 at Oakland, California.

_Michele L. Stater_
Michele L. Stater

2