UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL RIESE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF DEL NORTE, et al.,<br><br>　　　　Defendants. | Case No. 12-cv-03723-WHO<br><br>**ORDER GRANTING DEFENDANTS'　MOTION FOR SANCTIONS FOR　FAILURE TO PAY COURT ORDERED　ATTORNEYS' FEES**<br><br>Re: Dkt. No. 96 |

## INTRODUCTION

Defendants ask the Court to sanction plaintiff Michael Riese for Mr. Riese's failure to pay $11,766.25 in Court-ordered attorneys' fees awarded to the defendants following their successful anti-SLAPP motions. Because Mr. Riese has willfully disobeyed a court-order, I GRANT the defendants' motions for sanctions and award the defendants an additional $2,548.5 in fees for their work in connection with their opening and reply briefs in support of the present motion for sanctions. As noted below, if Mr. Riese cannot pay the fees within 45 days, he shall file a declaration establishing his assets and liabilities within 15 days and I will determine an appropriate payment plan.

## BACKGROUND

On September 2, 2013 and September 20, 2013, respectively, I ordered Mr. Riese to pay defendant Jon Alexander $6256.25 and defendant Richard Griffin $5,510 following the defendants' successful anti-SLAPP motions. *See* Dkt. Nos. 78, 84. The payments were due within 45 days of the orders: October 17, 2013 (Alexander) and November 4, 2013 (Griffin). By

1   October 29, 2013, Mr. Riese had still not paid the fees awarded to Mr. Alexander, causing counsel

2   for Mr. Alexander to write to Mr. Riese's counsel requesting that the fees be paid within 7 days.

3   Meyer Decl. ¶ 3. Mr. Riese's counsel did not respond. Likewise, on November 20, 2013, counsel

4   for Mr. Griffin requested that Mr. Riese pay the as-yet-unpaid fees awarded to Griffin within 10

5   days. Garcia Decl. ¶ 4. Again, Mr. Riese's counsel did not respond. Defendants' counsel made

6   additional requests for payment on November 22, 2013 and December 4, 2013. Meyers Decl. ¶ 4;

7   Garcia Decl. ¶ 5. Mr. Riese's counsel did not respond.

8   　　　　On December 17, 2013, the defendants moved for sanctions against Mr. Riese for his

9   failure to pay the attorneys' fees. Dkt. No. 96. Mr. Riese's opposition to the sanctions motion

10  was due on December 31, 2013. Mr. Riese did not file his opposition on December 31, 2013, nor

11  did he request an extension. Without seeking leave to file an untimely opposition, Mr. Riese

12  finally filed his opposition on February 21, 2014, more than seven weeks after it was due. Dkt.

13  No. 108.

14  　　　　Mr. Riese's opposition includes a "Statement Re Late Filing," which states, in its entirety:

> Plaintiff's delay in presenting this Opposition was occasioned by the fact that Plaintiff's new counsel did not substitute into the case until late December and was immediately faced with an upcoming mediation. Moreover, there was a delay in obtaining the file contents from prior counsel, and the prior Motions for Sanctions, responses thereto, and the Court's ruling had to be reviewed and evaluated.

The defendants filed a reply in support of their motion for sanctions on February 27, 2014. Dkt. No. 111. The defendants incurred $1,142.50 in attorneys' fees for their opening brief in support of their motion for sanctions and an additional $1,406 for the reply brief. Garcia Decl. ¶ 7 [Dkt. No. 97]; Meyers Decl. ¶ 6 [Dkt. No. 98]; Garcia Reply Decl. ¶ 5 [Dkt. No. 111-1].

**DISCUSSION**

Though I am not required to, I have considered Mr. Riese's very untimely opposition brief.[1] It is without merit. Mr. Riese argues that sanctions are not proper absent a finding of bad

---

[1] I do not find Mr. Riese's "Statement Re Late Filing" persuasive. First, if his new counsel needed additional time to respond to the sanctions motion, he should have requested additional time from the Court rather than filing his opposition seven weeks late. Second, Mr. Riese's opposition does not refer to any material in his "file contents." Accordingly, any purported delay in obtaining material from Mr. Riese's prior counsel appears irrelevant. Rather, the opposition is focused on

faith. Opp. at 2-3. Mr. Riese is incorrect. A court "may assess attorney's fees as a sanction for the willful disobedience of a court order." *Chambers. v NASCO, Inc.,* 501 U.S. 32, 45 (1991) (internal punctuation and citation omitted). There is no requirement that a court also find that the party acted in bad faith.[2] There is no question that Mr. Riese has willfully disobeyed the Court's order to pay attorneys' fees. I therefore have discretion to award the defendants additional attorneys' fees as a sanction.

Mr. Riese argues that his financial situation should have been considered in assessing the original fee award. Opp. at 4-5. But the award of attorneys' fees to the prevailing defendant who filed an anti-SLAPP motion is mandatory, Cal. Code Civ. Pro. § 425.16, and Mr. Riese provides no authority giving the Court discretion to consider his ability to pay.[3] Furthermore, even now Mr. Riese has failed to provide any evidence of his purported inability to pay the fee award.

Mr. Riese also requests relief from the fees order under Section 473 of the California Code of Civil Procedure. The California Code of Civil Procedure governs procedure in state court and is not applicable to this action in federal court. Rather, motions for relief from an order in federal court are governed by Federal Rule of Civil Procedure 60, which provides that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> 1. mistake, inadvertence, surprise, or excusable neglect;

---

the Court's fees order and the defendants' sanctions motion, both of which are publicly available on the Court's electronic docket. Mr. Riese's counsel therefore had immediate access to all the material on which the opposition is based. Under these circumstances, I do not need to consider Mr. Riese's untimely opposition. *See, e.g., Schwarz v. Potter*, 2005 WL 1148734, *1 (N.D. Tex. May 16, 2005) ("Plaintiff has not shown good cause for failure to file a timely response. Nor did Plaintiff seek an order from the Court for an extension of time. Thus, the Court need not consider Plaintiff's untimely response."). I also note that Mr. Riese's current counsel, Mordechai Pelta, apparently informed the defendants in February 2014 that he is "one of plaintiff's attorneys as I have been since 2011," casting doubt on the claim that the substitution of counsel caused delay. Garcia Decl. ¶ 3, Ex. A. [Dkt. No. 111-1].
[2] Rather, *Chambers* explains that a court may also assess attorneys' fees against a party which "acted in bad faith, vexatiously, wantonly, or for oppressive reasons," even if the party has not willfully disobeyed a court order. *Id.* 45-46. That is not at issue here.
[3] In addition to being wrong on the merits, Mr. Riese's challenge to the September 2013 fee award is procedurally improper as it is raised in opposition to the defendants' motion for sanctions, rather than in connection with the anti-SLAPP briefing. Mr. Riese never indicated any inability to pay the fees at any time prior to his opposition to the sanctions motion.

2. newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

3. fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

4. the judgment is void;

5. the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

6. any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Even assuming that Mr. Riese's motion for relief from the fees order is properly before the Court, for the reasons stated above Mr. Riese is not entitled to relief from the fees order. Mr. Riese's argument that the claims stricken by the anti-SLAPP motions should not have been filed in the first place also does not entitle him to relief.[4] *See, e.g. Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1099 (9th Cir. 2006) ("Generally speaking, Rule 60(b) is not intended to remedy the effects of a deliberate and independent litigation decision that a party later comes to regret through second thoughts or subsequently-gained knowledge that corrects prior erroneous legal advice of counsel.").

For the reasons stated above, I GRANT the defendants' motion for sanctions and order Mr. Riese to pay the defendants an additional $2,548.5 (apportioned between Griffin and Alexander as directed by them, since they filed a joint reply brief) incurred by the defendants in connection with this motion for sanctions. Mr. Riese must pay the total $14,314.75 in fees within 45 days of this order. If he is not able to do so, Mr. Riese must file a declaration within 15 days, under penalty of perjury, establishing his assets and liabilities. The declaration should answer the first nine questions on the Application to Proceed *in Forma Pauperis* (Non-prisoner cases only), available on the Court's website at http://cand.uscourts.gov/civilforms. I will then determine if a payment plan is appropriate.

---

[4] I note that Mr. Riese's prior counsel advised Mr. Riese to withdraw several of the since-stricken cause of action, which Mr. Riese refused. *See, e.g.,* Claypool Decl. ¶¶ 4-5 [Dkt. No. 55].

4

**CONCLUSION**

The defendants' motion for sanctions is GRANTED. Mr. Riese is ordered to pay the defendants an additional $2,548.50, on top of the $11,766.25 in attorneys' fees that he has already been ordered to pay. The total $14,314.75 in fees must be paid within 45 days of this order. If Mr. Riese cannot do so, he must file a declaration establishing his assets and liabilities, as described above, within 15 days of this order.

At the hearing on the defendants' motion, defendants indicated that Mr. Pelta, who has recently substituted in as counsel for Mr. Riese, is not using the Court's Electronic Case Filing (ECF) system. Civil Local Rule 5-1(c) obligates each attorney of record to become an ECF user. Mr. Pelta shall sign up for the Court's electronic case filing (ECF) system within seven days of this order. He is also advised to read the Civil Local Rules, and this Court's Standing Orders, if he has not already done so, because compliance with the rules of this Court is mandatory.

**IT IS SO ORDERED**.

Dated: March 6, 2014



WILLIAM H. ORRICK
United States District Judge