UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL RIESE,<br>　　　　Plaintiff,<br>　　v.<br>COUNTY OF DEL NORTE, et al.,<br>　　　　Defendants. | Case No. 12-cv-03723-WHO<br><br>**ORDER REQUIRING DISCLOSURE OF DOCUMENTS**<br>Re: Dkt. Nos. 129, 130, and, 131 |

Following the Court's Order requiring that defendants revise their privilege log to assert proper objections to the disclosure of certain documents in the possession of the District Attorney's Office (see Dkt. Nos. 129 and 130), defendants alleged that the documents were immune from disclosure as work product. Plaintiff disagreed, and I reviewed the documents in camera. As I stated in the telephonic hearing this afternoon, the documents should be produced.[1]

The documents do not qualify as work product because they were not prepared by or for a party in this action, other than Mr. Alexander, and he wrote or received documents in his capacity as the District Attorney of Del Norte County for the People of California, not as an individual acting in his own capacity. *See Sommer v. United States*, 2011 WL 4433631 (S.D. Cal 2011); *Doubleday v. Ruh*, 149 F.R.D. 601, 606 (E.D. Cal. 1993); *Shepherd v. Superior Court of Alameda County*, 17 Cal. 3d 107, 122 (1976). Even if some of the documents could have qualified as work product, the mental impressions of those working in the District Attorney's Office who were aware of Mr. Alexander's and the Office's actions involving plaintiff are potentially relevant to certain of plaintiff's allegations in this case. Plaintiff would not be able to develop this

---

[1] I will not describe the background of this case nor the dispute in depth, as it is well known to the parties.

information absent disclosure. *See Sommer*; *Holmgren v. State Farm Mut. Auto. Ins. Co.*, 976 F. 2d 573, 577 (9th Cir. 1992).

I am not making a finding that these documents are admissible at trial, only that they are discoverable. I will consider admissibility at the pretrial conference or during trial. Because the documents have been kept in the files of the District Attorney and their ultimate relevance to the litigation has not been raised or determined, I ORDER that:

1. The documents be disclosed in their unredacted form to plaintiff's counsel today, subject to the redaction of the name of the third party in the penultimate paragraph in CDN #10, and the personal pronoun that follows the name.

2. The documents should be treated as confidential documents for the present time. If they are used as exhibits in any deposition, they shall be sealed. If they are used as exhibits in any motion before this Court, the proponent of the documents shall file them under seal in accordance with the Court's sealing procedures, and any party may oppose sealing at that time. They should not be disclosed except to parties, co-counsel, witnesses, experts, investigators or others directly involved in the litigation, absent further Order of the Court.

**IT IS SO ORDERED**.

Dated: June 5, 2014



WILLIAM H. ORRICK
United States District Judge